DYCK O'NEAL, INC. *v.* MARY BEKE WYNNE
(AC 18927)

O'Connell, C. J., and Hennessy and Freedman, Js.

Argued September 15—officially released December 21, 1999

*Philip W. Ball,* for the appellant (defendant).

*David L. Gussak,* for the appellee (substitute plaintiff).

*Opinion*

FREEDMAN, J. The defendant in this foreclosure action appeals from the judgment of the trial court, correcting an error in the name of the substitute plaintiff. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. On April 3, 1995, Manhattan Savings Bank obtained a judgment of strict foreclosure on certain property owned by the defendant, Mary Beke Wynne, in New Haven. Title to the property vested in Manhattan Savings Bank on May 11, 1995. Manhattan Savings Bank subsequently filed a motion for deficiency judgment against the defendant. On July 3, 1996, Dyck O'Neal filed a motion to substitute itself as the plaintiff in the action. A hearing was held on April 25, 1997. At that time, the trial court granted the motion to substitute a party plaintiff and entered a deficiency judgment of $52,583.34 against the defendant. On April 9, 1998, the substitute plaintiff filed

a motion to reopen the judgment for the purpose of correcting the substitute plaintiff's name from Dyck O'Neal to Dyck O'Neal, Inc. The trial court granted the motion and the defendant filed the present appeal.

The defendant argues that the trial court had no jurisdiction to open the deficiency judgment that was entered on April 25, 1997. Specifically, the defendant claims that the motion was filed beyond the four month period allowed by General Statutes § 52-212a.[1] We disagree and conclude that the trial court had the authority to correct the judgment to reflect the proper name of the substitute plaintiff.[2]

"The law governing strict foreclosure lies at the crossroads between the equitable remedies provided by the judiciary and the statutory remedies provided by the legislature. . . . Because 'foreclosure is peculiarly an equitable action . . . the court may entertain such questions as are necessary to be determined in order that complete justice may be done.' *Hartford Federal Savings & Loan Assn.* v. *Lenczyk*, 153 Conn. 457, 463, 217 A.2d 694 (1966) . . . ." (Citations omitted.) *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 256, 708 A.2d 1378 (1998).

Although captioned as a "motion to reopen," it is clear that the motion at issue was actually a motion by the substitute plaintiff to correct its name.[3] "In such

[1] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[2] We further note that, according to our Supreme Court, § 52-212a "operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it." *Kim* v. *Magnotta*, 249 Conn. 94, 104, 733 A.2d 809 (1999).

[3] The text of the motion provides, in its entirety, as follows: "The Plaintiff in the above entitled action asks the Court to Reopen Judgment in connection with the above referenced for the sole purpose of correcting the Plaintiff's name. Certain Court documents show that the Substituting Plaintiff is Dyck O'Neal. The correct company of the Plaintiff is Dyck O'Neal, Inc."

situations we look to the substance of the claim rather than the form." (Internal quotation marks omitted.) *In re Brianna F.*, 50 Conn. App. 805, 812, 719 A.2d 478 (1998). Viewed in this light, we conclude that the trial court had the authority to correct the judgment to reflect the proper name of the substitute plaintiff.[4]

General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." This statute is remedial in nature and, therefore, must be "liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 396, 655 A.2d 759 (1995). The trial court in the present case properly concluded, on the basis of § 52-123, that it was permissible for the substitute plaintiff to correct its name from Dyck O'Neal individually to Dyck O'Neal, Inc.[5]

---

[4] In fact, a review of the court file reveals that in addition to the motion to reopen judgment, there is a motion to correct judgment. The text of that motion provides, in its entirety, as follows: "The plaintiff in the above entitled action asks the Court to correct a typographical error in its judgment file. Certain Court documents show that the Substituting Plaintiff is Dyck O'Neal. The correct company of the Plaintiff is Dyck O'Neal, Inc."

The memorandum of law filed by the plaintiff was captioned "Plaintiff's Dyck O'Neal, Inc., Memorandum of Law in Support of its Motion to Open Judgment and Motion to Correct Judgment."

[5] The trial court further cited General Statutes § 49-15, which permits a trial court to open a judgment of strict foreclosure "notwithstanding the limitation imposed by section 52-212a" as authority to grant the motion. We note, however, that § 49-15 further provides that "no such judgment shall be opened after the title has become absolute in any encumbrancer." Inasmuch as the present motion was decided subsequent to the deficiency judgment proceedings rather than during the foreclosure proceedings, § 49-15 does not apply. See *Federal Deposit Ins. Corp.* v. *Retirement Management Group, Inc.*, 31 Conn. App. 80, 86, 623 A.2d 517, cert. denied, 226 Conn. 908, 625 A.2d 1378 (1993).

In *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.*, 105 Conn. 640, 642, 136 A. 681 (1927), the plaintiff was permitted to amend its complaint to change the name of the defendant from " 'The Alliance Sandblasting Company, a corporation of New York having an office and carrying on business in the City of Hartford,' " to "Julius Goodman doing business under the trade name of the Alliance Sandblasting Company." The court in *World Fire & Marine Ins. Co.* stated that "[t]he identity of the defendant was originally and at all times the same in the mind of the plaintiff and the entity is one and the same whether it be a contractual entity (a partnership), an artificial entity (a corporation), or a personal entity (an individual); its name is the same and its liability is the same and enforceable by the same remedies. The plaintiff's mistake was not as to the entity itself—not as to the party sued, but in describing what kind of an entity the defendant was; it sued the proper party, but in so doing misdescribed that party, not in respect to name, but solely as to status, as being an artificial instead of a personal entity. . . . The change made by the amendment did not affect the identity of the party sought to be described, but merely made correct the description of the real party sued; it did not substitute or bring in a new party." Id., 643. The court went on to state that "[t]he effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed." (Internal quotation marks omitted.) Id., 643–44.

Recent case law has further clarified what is meant by "circumstantial errors, mistakes or defects" as used in § 52-123. In *Lussier* v. *Burns*, 228 Conn. 343, 348–49, 636 A.2d 808 (1994), the court held that it was improper to dismiss an action in which the summons incorrectly

named the defendant as the "State of Connecticut, Department of Transportation" rather than the commissioner of transportation. The court in *Lussier* stated that "[w]hen the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer. Such a misnomer does not prevent the exercise of subject matter jurisdiction if the defendant was actually served and knew he or she was the intended defendant. This is in contradistinction to the case in which the plaintiff has misconstrued the identity of the defendant and has therefore named and served the wrong party." Id., 350; see also *Andover Ltd. Partnership I* v. *Board of Tax Review*, supra, 232 Conn. 397 (designation of defendant as board of tax review of town of West Hartford rather than town of West Hartford held to be defect falling within purview of § 52-123); *Pack* v. *Burns*, 212 Conn. 381, 386, 562 A.2d 24 (1989) (designation of defendant as state of Connecticut transportation commission rather than commissioner of transportation held to be defect falling within parameters of § 52-123); *Motiejaitis* v. *Johnson*, 117 Conn. 631, 636, 169 A. 606 (1933).

In the present case, the correction of the name of the substitute plaintiff from Dyck O'Neal to Dyck O'Neal, Inc., falls within the category of circumstantial errors that can be cured pursuant to § 52-123.[6] The change did not affect the identity of the party sought to be described. Rather, it simply corrected the description in the name of the substitute plaintiff. We further note that although the designation of Dyck O'Neal was inaccurate, the defendant suffered no prejudice as a result of the error. The defendant was aware of every

---

[6] In so holding, we note the defendant's argument that in the cases cited the actions of the court were made prior to final judgment, whereas in the present case the correction was made postjudgment. We further note, however, that § 52-123 provides that "[n]o writ, pleading, *judgment* or any kind of proceeding . . . shall be abated, suspended, set aside or reversed for any kind of circumstantial errors . . . ." (Emphasis added.)

step of the proceedings, was represented by counsel and appeared and contested the matter at the deficiency judgment hearing. See *Pack* v. *Burns*, supra, 212 Conn. 386. The defendant does not contest the validity of the deficiency judgment; she bases her argument, rather, solely on the fact that there is no Dyck O'Neal to enforce the judgment. The defendant's argument, however, would provide her with a windfall as a result of a misnomer. Such a result is contrary to the equitable nature of a foreclosure.

The judgment is affirmed.

In this opinion the other judges concurred.