AMERICA'S WHOLESALE LENDER *v.* LINDA K.
SILBERSTEIN ET AL.
(AC 24592)

Schaller, Dranginis and Berdon, Js.

Argued October 15, 2004—officially released February 15, 2005

*Patrick W. Boatman,* with whom, on the brief, was *John H. Grasso,* for the appellants (named defendant et al.).

*Peter A. Ventre,* for the appellee (substitute plaintiff).

*Opinion*

DRANGINIS, J. This appeal is similar to the appeal in *America's Wholesale Lender* v. *Pagano,* 87 Conn. App. 474, 866 A.2d 698 (2005), which we released on the same date as this opinion. The dispositive issue is whether a corporation that brings an action solely in its trade name, without the corporation being named as a party, has standing so as to confer jurisdiction on the court. We conclude that because a trade name is not an entity with legal capacity to sue, the corporation has no standing to litigate the merits of the case. We therefore reverse the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. On October 16, 1998, the defendants Linda K. Silberstein and Morton H. Silberstein[1] executed and delivered to the original plaintiff in this action, America's Wholesale Lender (America's), a note in the amount of $440,000 and a mortgage on the defendants' real property. America's is the trade name for Countrywide Home Loans, Inc. (Countrywide), a corporation with its principal place of business in California.[2] On April 22, 2003, America's commenced this action, alleging that the defendants were in default on the note and seeking to foreclose on the defendants' property. On July 9, 2003, the defendants filed a motion to dismiss, arguing that the court lacked subject matter jurisdiction because America's did not have the legal capacity to sue. On July 28, 2003, America's filed a motion to substitute Mortgage Electronic Registration Systems, Inc. (Mortgage Systems), as the plaintiff to reflect an assignment of the note and mortgage that Countrywide had made to Mortgage Systems on October 16, 1998. The court, on July 28, 2003, denied the defendants' motion to dismiss and granted the motion to substitute Mortgage Systems as the plaintiff. The court concluded that Countrywide had commenced an action in the name of the wrong person and, therefore, substituted Mortgage Systems pursuant to General Statutes § 52-109. The court ultimately rendered summary judgment in favor of the substitute plaintiff, the defendants' default on the note not being disputed. This appeal followed.

---

[1] The other defendants in the underlying action, Konover Construction Company, Larry M. Loeb and Linda R. Silberstein, did not appeal. We therefore refer in this opinion to Linda K. Silberstein and Morton H. Silberstein as the defendants.

[2] America's, in its complaint, alleged that it was incorporated in Texas. On the mortgage, New York is indicated as the state of incorporation. These inconsistencies, however, do not inform our decision in this case, as all parties agree that America's is a trade name by which Countrywide does business and not a corporation organized under the laws of any state.

On appeal, the defendants claim that the trial court improperly denied their motion to dismiss challenging Countrywide's standing to bring an action solely in a trade name. The defendants argue that because the action was brought under a trade name, which is a fictitious name, the court lacked subject matter jurisdiction to decide the merits of Countrywide's claim. The defendants further argue that Countrywide could not cure this jurisdictional defect by substituting Mortgage Systems as the plaintiff.

This case is controlled by our decision in *America's Wholesale Lender* v. *Pagano*, supra, 87 Conn. App. 474, in which we held that the court lacked subject matter jurisdiction because Countrywide had commenced an action solely in its trade name. Our decision in that case rested primarily on the mandate that parties not use fictitious names except in the rarest of cases, in which the issues litigated and the interests of the parties demand the use of a fictitious name. Id., 478; see also *Buxton* v. *Ullman*, 147 Conn. 48, 60, 156 A.2d 508 (1959), appeal dismissed sub nom. *Poe* v. *Ullman*, 367 U.S. 497, 81 S. Ct. 1752, 6 L. Ed. 2d 989 (1961). We also recognize the heightened interest of the public in knowing who is financially and personally liable for the actions of entities doing business under trade names. *America's Wholesale Lender* v. *Pagano*, supra, 479–80. These interests are no less important whether the argument is that the initial filing contained a circumstantial error, as in *America's Wholesale Lender* v. *Pagano*, supra, 477, or that the initial filing was in the name of the "wrong person," as the substitute plaintiff claims on appeal in this case. In reaching this conclusion, we look to the language of § 52-109, which provides in relevant part that the court may allow the substitution of a party plaintiff "[w]hen any action has been commenced in the name of the wrong *person* . . . ." Such a person, while perhaps not aggrieved in the manner necessary

to have standing, *possesses the legal capacity to sue.* No such person commenced the action in this case, as a trade name is not a recognized legal entity or person.

Mortgage Systems, the holder of the mortgage and the note at the time the action was commenced,[3] claims, however, that any jurisdictional defect was cured when it was substituted as the plaintiff. An assignee, however, may not commence an action solely in a trade name either, regardless of the entity to which the trade name applies, because a trade name is not an entity with the legal capacity to sue. Nor could Countrywide cure the jurisdictional defect by substituting a party with the legal capacity to sue on behalf of the trade name. The named plaintiff in the original complaint never existed. As a result, there was no legally recognized entity for which there could be a substitute. See *Isaac* v. *Mount Sinai Hospital,* 3 Conn. App. 598, 602, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985). Furthermore, because America's had no standing to bring an action, no action in this case ever was commenced, as it was void ab initio. In the absence of standing on the part of the plaintiff, the court has no jurisdiction. *Golden Hill Paugussett Tribe of Indians* v. *Southbury,* 231 Conn. 563, 570–71, 651 A.2d 1246 (1995).

The judgment is reversed and the case is remanded with direction to grant the defendants' motion to dismiss and to render judgment dismissing the complaint.

In this opinion SCHALLER, J., concurred.

BERDON, J., dissenting. For the reasons set forth in my dissent to the companion case of *America's Wholesale Lender* v. *Pagano,* 87 Conn. App. 474, 866 A.2d 698

---

[3] In a foreclosure action, the assignee may commence an action either in its name or in the name of its assignor. See, e.g., *Jacobson* v. *Robington,* 139 Conn. 532, 539, 95 A.2d 66 (1953); *Dime Savings Bank of Wallingford* v. *Arpaia,* 55 Conn. App. 180, 184, 738 A.2d 2d 715 (1999).

(2005), I am unable to distinguish this case from *Dyck O'Neal, Inc.* v. *Wynne*, 56 Conn. App. 161, 742 A.2d 393 (1999). Accordingly, I believe we should affirm the judgment of the trial court. I therefore respectfully dissent.