COLDWELL BANKER MANNING REALTY, INC.
*v.* CUSHMAN AND WAKEFIELD OF
CONNECTICUT, INC., ET AL.
(AC 32925)

DiPentima, C. J., and Alvord and Pellegrino, Js.

Argued January 9—officially released July 10, 2012

*Gwendolyn S. Bishop*, with whom was *P. Timothy Smith*, for the appellant (plaintiff).

*Michael P. Shea*, with whom was *Daniel E. Wenner*, for the appellees (defendants).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Coldwell Banker Manning Realty, Inc., appeals from the judgment rendered by the trial court granting the motion to dismiss filed by the defendants, Cushman & Wakefield of Connecticut, Inc. (Cushman), Joel M. Grieco and Robert E. Kelly. On appeal, the plaintiff argues that the court improperly concluded that it lacked standing. We affirm the judgment of the trial court.

The record reveals the following relevant facts and protracted procedural history. This action arises out of a dispute between real estate brokers over a commercial real estate commission, where the plaintiff and Cushman each had an agreement to represent Computer Sciences Corporation (Computer Sciences) in real estate transactions. In 2002, the plaintiff filed a complaint against the defendants alleging fraud, violation of statutory duty, breach of duty to deal in good faith, tortious interference with a contract, breach of contract and violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act.

The court ordered that the case and a companion case, *Coldwell Banker Manning Realty, Inc.* v. *Computer Sciences Corp.*, Superior Court, judicial district of Hartford, Docket No. CV-03-0825180, be stayed pending arbitration. The arbitrator, the Greater Hartford Association of Realtors, refused to entertain the arbitration.

The plaintiff filed a motion to lift the stay. The defendants subsequently filed a motion to confirm the arbitrator's alleged award, which was granted.[1] The plaintiff appealed from the court's decisions as to the arbitrability of the dispute and the motion to confirm the award. Our Supreme Court reversed the judgment of the trial court and remanded the case for further proceedings. *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, 293 Conn. 582, 980 A.2d 819 (2009). In 2010, the defendants filed a motion to dismiss, asserting that the court lacked subject matter jurisdiction because the plaintiff had never existed as a corporate entity and, therefore, lacked standing. The plaintiff filed an objection to the motion to dismiss. The court agreed that the plaintiff lacked standing and, accordingly, granted the motion to dismiss. This appeal followed.

We first set forth the applicable standard of review and legal principles governing our analysis. "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . .

"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it

---

[1] On appeal to our Supreme Court, the defendants had argued that the arbitrator's dismissal of the plaintiff's request for arbitration constituted an arbitration award pursuant to General Statutes § 52-417. See *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, 293 Conn. 582, 593, 980 A.2d 819 (2009). Our Supreme Court disagreed with the defendants' contention and, accordingly, reversed the judgment of the trial court. Id., 585.

is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . .

"In ruling [on] whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . If . . . the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." (Citations omitted; internal quotation marks omitted.) *Burton* v. *Dominion Nuclear Connecticut, Inc.*, 300 Conn. 542, 550, 23 A.3d 1176 (2011).

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . . Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes . . . standing by allegations of injury. Similarly, standing exists to attempt to vindicate arguably protected interests. . . .

"Standing is established by showing that the party claiming it is authorized by statute to bring an action, in other words statutorily aggrieved, or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: [F]irst, the party claiming

aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific, personal and legal interest has been specially and injuriously affected by the [challenged action]. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *St. Germain* v. *LaBrie*, 108 Conn. App. 587, 591–92, 949 A.2d 518 (2008). With this background in mind, we now address the plaintiff's claim on appeal.

The plaintiff claims that the court improperly concluded that it lacked standing. Specifically, the plaintiff argues that the court improperly determined that (1) the plaintiff's name was fictitious and that the error therefore could not be cured pursuant to General Statutes § 52-123 and (2) prejudice is not a meaningful consideration when a party invokes § 52-123 to correct an incorrect description in a writ of summons or complaint.

I

The plaintiff first argues that the court improperly determined that the plaintiff's name was fictitious and therefore could not be cured pursuant to § 52-123. Specifically, the plaintiff argues that it is not a fictitious entity because the inclusion of the phrase "Coldwell Banker" to its name served only to add additional, extraneous information. We disagree.

"It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. . . . Although a corporation is a legal entity with legal capacity to sue,

a fictitious or assumed business name, a trade name, is not a legal entity; rather, it is merely a description of the person or corporation doing business under that name. . . . Because the trade name of a legal entity does not have a separate legal existence, a plaintiff bringing an action solely in a trade name cannot confer jurisdiction on the court." (Citations omitted; internal quotation marks omitted.) *America's Wholesale Lender* v. *Pagano*, 87 Conn. App. 474, 477, 866 A.2d 698 (2005).

Section 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." "Section 52-123 is a remedial statute and therefore it must be liberally construed in favor of those whom the legislature intended to benefit. . . . In interpreting this statute, however, we are mindful of the broader statutory scheme. Specifically, we must compare § 52-123 with General Statutes § 52-45a, which our Supreme Court has read to require the use of legal names, not fictitious ones, when commencing an action. *Buxton* v. *Ullman*, 147 Conn. 48, 60, 156 A.2d 508 (1959) ([t]he privilege of using fictitious names in actions should be granted only in the rare case where the nature of the issue litigated and the interest of the parties demand it and no harm can be done to the public interest), appeal dismissed sub nom. *Poe* v. *Ullman*, 367 U.S. 497, 81 S. Ct. 1752, 6 L. Ed. 2d 989 (1961)." (Citation omitted; internal quotation marks omitted.) *America's Wholesale Lender* v. *Pagano*, supra, 87 Conn. App. 477–78.

Here, the court noted that although the plaintiff sued under the name "Coldwell Banker Manning Realty, Inc.," the actual name of the corporation that is filed with the Connecticut secretary of the state's office is "Manning Realty, Inc." In concluding that the plaintiff's

error was not amenable to cure under § 52-123, the court likened this case to *America's Wholesale Lender* v. *Pagano*, supra, 87 Conn. App. 476–77, where this court dismissed an action in which the plaintiff mistakenly named itself "America's Wholesale Lender," the trade name of "Countrywide Home Loans, Inc.," the true party in interest. The trial court also distinguished this case from *Young* v. *Vlahos*, 103 Conn. App. 470, 475, 929 A.2d 362 (2007), cert. denied, 285 Conn. 913, 943 A.2d 474 (2008), in which we declined to dismiss an action where the named plaintiff was "Roy Young d/b/a Silvermine Investors, LLC," but the true party in interest was "Silvermine Investors, LLC." The court determined that the plaintiff, in naming itself "Coldwell Banker Manning Realty, Inc.," employed a trade name like the plaintiff in *America's Wholesale Lender* and, therefore, the named plaintiff was a fictitious entity. The court explained that "[u]nlike a d/b/a, a trade name provides no indication on its face that the party operates under a different name." Further, the court stated that "there was no missing designation or incorrect description, but instead a fictitious name that did conceal the true identity of the party, Manning Realty, Inc." The court concluded that "[w]hile it is troubling to dismiss a case that has been in litigation for over eight years, this situation illustrates the trouble presented by plaintiffs that file suit under unregistered trade names."

We agree with the court that the plaintiff in this action used a fictitious name and, therefore, that it lacked standing. The plaintiff argues that because its true name, "Manning Realty, Inc.," was embedded in the name of the designated plaintiff, "Coldwell Banker Manning Realty, Inc.," and because Manning Realty, Inc., existed at the time the complaint was filed, this case is distinguishable from *America's Wholesale Lender*. It is true that in *America's Wholesale Lender*, the plaintiff's true corporate name was not embedded in the

complaint, as it was in this case. We agree with the court, however, that the name "Coldwell Banker Manning Realty, Inc.," is a trade name and that the plaintiff is therefore a fictitious entity, like the plaintiff in *America's Wholesale Lender*. The plaintiff's reply brief states that the phrase "Coldwell Banker" was included at the beginning of its true corporate name because "Mr. Sid Manning held a franchise with the nationally known real estate brand Coldwell Banker under which he operated his realty company, Manning Realty, Inc." The plaintiff, therefore, appears to concede that it invoked its trade name in bringing the action, but argues that this invocation merely resulted in the inclusion of "superfluous" language. We concluded in *America's Wholesale Lender*, however, that the use of a trade name was *not* merely a circumstantial error, but rather a substantive one, not amenable to cure by § 52-123. *America's Wholesale Lender* v. *Pagano*, supra, 87 Conn. App. 478.

Moreover, this clearly is not a case where a plaintiff was misnamed because of a typographical error, the fault of which was not attributable to the plaintiff; *Dyck O'Neal, Inc.* v. *Wynne*, 56 Conn. App. 161, 166–67, 742 A.2d 393 (1999); or because of a " 'poor and superfluous choice of words,' " as was the case in *Young* v. *Vlahos*, supra, 103 Conn. App. 478. As the court noted, in *Young*, the superfluous language contained the term "d/b/a," indicating a legal separation between the preceding and subsequent terms. See Black's Law Dictionary (8th Ed. 2004) (defining "d/b/a" as abbreviation that precedes a person's or business' assumed name). Here, the additional language, "Coldwell Banker," is not separated from the plaintiff's true corporate name, but rather, the named plaintiff is presented as one entity without any separation between the words "Coldwell Banker" and "Manning Realty, Inc." Therefore, the court properly

concluded that the named plaintiff was a fictitious entity and lacked standing.

## II

Second, the plaintiff argues that prejudice must be considered in determining whether § 52-123 may cure its misdescription. Under the facts of this case, we disagree. The court noted the plaintiff's argument that "the history of the [case] reveals not even a scintilla of evidence that the [defendants were] confused as to the identity of the plaintiff." The court concluded, however, that "a motion to dismiss an action for the plaintiff's failure to bring suit under its true name must be granted regardless of prejudice, even when a defendant has conducted business with the plaintiff only under its trade name." In reaching this conclusion, the court cited *America's Wholesale Lender* v. *Pagano*, supra, 87 Conn. App. 480, where this court explained that although the defendant had conducted business with the plaintiff only under its trade name and, therefore, no prejudice was present, "[a] lack of subject matter jurisdiction . . . requires dismissal, regardless of whether prejudice exists."

We recognize that "[i]n determining whether a defect is merely circumstantial and not substantive, courts *have* considered, inter alia, whether the defendant had actual notice of the institution of an action and whether the defendant was in any way misled to its prejudice. . . . Invoking those considerations, we *have* applied § 52-123 to excuse defects in pleadings even when those defects implicate the trial court's subject matter jurisdiction. See, e.g., *Caruso* v. *Bridgeport*, 285 Conn. 618, 626–29, 941 A.2d 266 (2008) (plaintiff's failure to cite in his complaint statute providing exclusive remedy in election dispute did not deprive court of subject matter jurisdiction where plaintiff complied with procedural requirements of statute and defendants were aware of

true nature of action and were not prejudiced by failure to cite statute); *Andover Ltd. Partnership I* v. *Board of Tax Review*, [232 Conn. 392, 400–401, 655 A.2d 759 (1995)] (plaintiff's naming of board of tax review as defendant instead of town, as required by General Statutes § 12-117a, did not deprive court of subject matter jurisdiction where town was served, had actual notice of action, filed answer and other documents with court, attempted settlement and did not contest defect in citation until litigation had been pending for more than three years) . . . ." (Citations omitted; emphasis added.) *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 391–92, 973 A.2d 1229 (2009).

This line of cases, in which prejudice has been considered in determining whether § 52-123 may excuse defects in pleadings, is inapposite. In *Bayer*, the issue was whether a defect in a notice to quit constituted a circumstantial or substantive error, not an issue of the plaintiff misnaming itself. Id., 389–90. Moreover, none of the cases cited by our Supreme Court in *Bayer* in support of the proposition that we "have applied § 52-123 to excuse defects in pleadings even when those defects implicate the trial court's subject matter jurisdiction" involves issues factually similar to this case. Id., 391.

This court stated in *America's Wholesale Lender* that we, as well as our Supreme Court, have held in numerous circumstances that the mislabeling or misnaming of a *defendant* constituted a circumstantial error that is curable under § 52-123 when it did not result in prejudice to either party. *America's Wholesale Lender* v. *Pagano*, supra, 87 Conn. App. 478, citing *Andover Ltd. Partnership I* v. *Board of Tax Review*, supra, 232 Conn. 400–401 (permitting plaintiff to amend citation in order to name town instead of board of tax review as defendant). The court noted further that "[t]his is true even when the plaintiff used only the defendant's trade name

and not the defendant's legal name." *America's Wholesale Lender* v. *Pagano*, supra, 478, citing *Motiejaitis* v. *Johnson*, 117 Conn. 631, 169 A. 606 (1933) (permitting plaintiff to substitute individual for nonexistent corporation under which individual was doing business). The court went on, however, to conclude that "[w]e decline . . . to extend the use of § 52-123 in this manner to a *plaintiff that has used a fictitious name for itself* when commencing an action." (Citations omitted; emphasis altered.) *America's Wholesale Lender* v. *Pagano*, supra, 478.[2] Further, although *Young* v. *Vlahos*, supra, 103 Conn. App. 476, noted a lack of prejudice in declining to dismiss the plaintiff's action, that case, too, is distinguishable. In *Young*, this court concluded that the defendant was not "confused or prejudiced" by the erroneous designation of the plaintiff. Id., 476. In *Young*, however, this erroneous designation was merely a circumstantial error, and not a substantive one. Id., 478–79. This case is unlike *Young* because the named plaintiff here was a fictitious entity, and the error was not circumstantial.

---

[2] In reaching this conclusion, this court in *America's Wholesale Lender* noted the policy concerns underlying our legislature's trade name regulation statute, General Statutes § 35-1, which requires legal entities doing business in this state under an assumed or fictitious name to file a trade name certification in the town in which such business is to be conducted prior to engaging in such business.

We explained that "while § 35-1 may provide some protection to persons transacting business under a trade name, it is primarily intended to protect [those doing business with the trade name] by giving them constructive notice of the contents of the trade name certificate. . . . The object [of the registration requirement] is to enable a person dealing with another trading under a name not his own, to know the man behind the name, that he may know or make inquiry as to his business character or financial responsibility . . . . As court filings are a matter of public record, we cannot conclude that *no harm* would come to the public by permitting legal entities to commence actions under fictitious names, as court documents are another means by which the public may ascertain the identity and the character of those with whom they do business." (Citations omitted; emphasis in original; internal quotation marks omitted.) *America's Wholesale Lender* v. *Pagano*, supra, 87 Conn. App. 479–80.

Although this court's statement in *America's Wholesale Lender*, supra, 87 Conn. App. 480, that "[a] lack of subject matter jurisdiction, however, requires dismissal, regardless of whether prejudice exists" may appear overly broad in light of *Bayer* when taken out of context, under the specific factual situation where a plaintiff uses a fictitious name for itself, the consideration of prejudice is eliminated properly from our analysis. In reaching this conclusion, we note that the court in *America's Wholesale Lender* distinguished the case of *Dyck O'Neal, Inc.* v. *Wynne*, supra, 56 Conn. App. 166–67, where we concluded that the court properly permitted the substituted plaintiff to amend his designation from "Dyck O'Neal," individually, to "Dyck O'Neal, Inc." *America's Wholesale Lender* v. *Pagano*, supra, 478 n.5. We reasoned that "at no time was the plaintiff's true identity [in *Dyck O'Neal, Inc.*] concealed; rather, the omission of its designation amounted to an incorrect description of the plaintiff. Furthermore, the record in that case suggested the omission of the plaintiff's designation was a typographical error in the court's judgment file, not an action necessarily attributable to the plaintiff." Id., 479 n.5. As we have stated, because we conclude that the plaintiff's use of a fictitious name did not constitute a circumstantial error, we do not consider its argument that the defendants did not suffer any prejudice as a result of this mistake. We therefore reject the plaintiff's claim that, under the factual circumstances of this case, prejudice is a factor in our consideration of whether § 52-123 may cure its misdescription.

The judgment is affirmed.

In this opinion the other judges concurred.