## COLDWELL BANKER MANNING REALTY, INC.
### *v.* COMPUTER SCIENCES CORPORATION
### (AC 32926)

DiPentima, C. J., and Alvord and Pellegrino, Js.

Argued January 9—officially released July 10, 2012

*Gwendolyn S. Bishop*, with whom was *P. Timothy Smith*, for the appellant (plaintiff).

*David M. Bizar*, for the appellee (defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Coldwell Banker Manning Realty, Inc., appeals from the judgment rendered by the trial court granting the motion to dismiss

filed by the defendant, Computer Sciences Corporation. On appeal, the plaintiff argues that the court improperly concluded that it lacked standing. We affirm the judgment of the trial court.

The record reveals the following relevant facts and protracted procedural history. This action arises out of a dispute between real estate brokers over a commercial real estate commission, where the plaintiff and Cushman & Wakefield of Connecticut, Inc. (Cushman), each had an agreement to represent the defendant in real estate transactions. In 2003, the plaintiff filed a complaint against the defendant alleging fraud, violation of statutory duty, breach of duty to deal in good faith, tortious interference with a contract, breach of contract and violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act.

The court ordered that the case and a companion case, *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-02-0816220, be stayed pending arbitration. The arbitrator, the Greater Hartford Association of Realtors, refused to entertain the arbitration. The plaintiff filed a motion to lift the stay. The defendant subsequently filed a motion to confirm the arbitrator's alleged award, which was granted.[1] The plaintiff appealed from the court's decisions as to the arbitrability of the dispute and the motion to confirm the award. Our Supreme Court reversed the judgment of the trial court and remanded the case for further proceedings. *Coldwell Banker Manning Realty, Inc.* v. *Computer Sciences Corp.*, 293 Conn. 628, 980

[1] On appeal to our Supreme Court, the defendant had argued that the arbitrator's dismissal of the plaintiff's request for arbitration constituted an arbitration award pursuant to General Statutes § 52-417. See *Coldwell Banker Manning Realty, Inc.* v. *Computer Sciences Corp.*, 293 Conn. 628, 638, 980 A.2d 812 (2009). Our Supreme Court disagreed with the defendant's contention and, accordingly, reversed the judgment of the trial court. Id., 639.

A.2d 812 (2009). In 2010, the defendant filed a motion to dismiss, asserting that the court lacked subject matter jurisdiction because the plaintiff had never existed as a corporate entity and, therefore, lacked standing. The plaintiff filed an objection to the motion to dismiss. The court agreed that the plaintiff lacked standing and, accordingly, granted the motion to dismiss. This appeal followed.

The plaintiff claims that the court improperly concluded that it lacked standing. Specifically, the plaintiff argues that the court improperly determined that (1) the plaintiff's name was fictitious and therefore could not be cured pursuant to General Statutes § 52-123[2] and (2) prejudice is not a meaningful consideration when a party invokes § 52-123 to correct an incorrect description in a writ of summons or complaint. These claims are identical to those raised in *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, 136 Conn. App. 683, 47 A.3d 394 (2012), also released today. In that case, we concluded that the named plaintiff, "Coldwell Banker Manning Realty Inc.," lacked standing because it was a fictitious entity. We see no reason to repeat the analysis set forth in *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, supra, 683. For the reasons stated therein, we conclude that the court properly dismissed this action because the plaintiff lacked standing.

The judgment is affirmed.

In this opinion the other judges concurred.

[2] General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."