GRECO CONSTRUCTION *v.* ALISON
EDELMAN ET AL.
(AC 33556)

Beach, Bear and Espinosa, Js.

Argued April 26—officially released August 14, 2012

Brendan J. O'Rourke, with whom, on the brief, was Lorey Rives Leddy, for the appellant (plaintiff).

Edward Kanowitz, for the appellees (defendant Alison Edelman et al.).

*Opinion*

BEACH, J. The plaintiff, Greco Construction, appeals from the judgment of the trial court granting the motion

of the defendants, Alison Edelman, individually, and as executrix of the estate of Claudia Pearl,[1] to dismiss the plaintiff's action for lack of subject matter jurisdiction. We affirm the judgment of the trial court.

The record discloses the following facts. In 2007, the plaintiff commenced an action against the defendants seeking to foreclose on a mechanic's lien in the amount of $6270 that had been placed on a parcel of real estate owned by the defendants. In its complaint, the plaintiff alleged that it had been subcontracted to perform and had performed renovation work on the defendants' home but had not received payment. The matter was tried in August, 2010, before an attorney trial referee.[2] The attorney trial referee recommended judgment in favor of the plaintiff in the amount of $6270, plus attorney's fees, costs and prejudgment interest. The plaintiff filed a motion to accept the report, and the defendants filed an objection to the report. The plaintiff filed a posttrial "motion to amend pleadings to correct misnomers," seeking to amend the pleadings, pursuant to General Statutes § 52-123, to correct the name of the plaintiff to "Brian Greco d/b/a Greco Construction." The defendants filed a motion to dismiss the present action, arguing that the action should be dismissed for lack of subject matter jurisdiction because the plaintiff was misnamed in the complaint as "Greco Construction," when the plaintiff's true identity was "Brian Greco d/b/a Greco Construction." The court granted the defendants' motion to dismiss.

We begin by setting forth our standard of review. "In an appeal from the granting of a motion to dismiss on

[1] Claudia Pearl died in March, 2008. By order dated March 10, 2010, Alison Edelman, her daughter, was substituted as a party defendant as executrix of her estate.

[2] The matter was tried in a consolidated proceeding with three related cases. In its memorandum of decision on the defendants' motion to dismiss, the court severed two cases not "afflicted with the same infirmities" and decided the motion to dismiss, inter alia, with respect to the present case.

the ground of subject matter jurisdiction, this court's review is plenary."[3] (Internal quotation marks omitted.) *Bloom* v. *Miklovich*, 111 Conn. App. 323, 335, 958 A.2d 1283 (2008).

The plaintiff argues that the court improperly granted the defendants' motion to dismiss the complaint on the ground that the plaintiff was named in the pleadings as "Greco Construction" instead of "Brian Greco d/b/a Greco Construction." The plaintiff claims the misnomer was a circumstantial defect that could be corrected pursuant to § 52-123. Section 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." Our Supreme Court has articulated that in order to deter- mine whether a defective reference to a defendant is circumstantial under § 52-123, we first look to whether the party intended to reference the proper party or whether it "had erroneously misdirected its action." *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 397, 655 A.2d 759 (1995). "Second, [the court] considered three factors to determine whether the error was a misnomer and therefore a circumstantial defect under § 52-123: (1) whether the proper defendant had actual notice of the institution of the action; (2) whether the proper defendant knew or should have known that [she] was the intended defendant in the action; and (3) whether the proper defendant was in any way misled to [her] prejudice." Id.

The plaintiff contends that the defendants had actual notice of the institution of the action by Brian Greco,

---

[3] The standard of review on a motion to dismiss is plenary when the facts are undisputed. See, e.g., *Conboy* v. *State*, 292 Conn. 642, 650–52, 974 A.2d 669 (2009).

knew throughout the proceedings the identity of the plaintiff and were not prejudiced. In support of this contention, the plaintiff argues that the name "Greco Construction" incorporated Brian Greco's surname, that the mechanic's lien that was appended to the complaint reflected that Brian Greco owned Greco Construction and that Brian Greco testified on direct examination that he was doing business as Greco Construction.

We conclude, however, that *America's Wholesale Lender* v. *Pagano*, 87 Conn. App. 474, 866 A.2d 698 (2005), is dispositive. The defendant in that case appealed from the trial court's denial of her motion to dismiss, and argued that the court lacked subject matter jurisdiction because the plaintiff had initiated the action solely in its trade name, which was a fictitious name and not a legal entity. Id., 476–77. The court stated: "It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. . . . Although a corporation is a legal entity with legal capacity to sue, a fictitious or assumed business name, a trade name, is not a legal entity; rather, it is merely a description of the person or corporation doing business under that name. . . . Because the trade name of a legal entity does not have a separate legal existence, a plaintiff bringing an action solely in a trade name cannot confer jurisdiction on the court." (Citations omitted; internal quotation marks omitted.) Id., 477. The court rejected the plaintiff's argument that bringing an action under a trade name was a misnomer or circumstantial error that, pursuant to § 52-123, should not deprive the court of jurisdiction. Id., 477–78. The court compared § 52-123 with General Statutes § 52-45a, which requires the use of legal names, not fictitious ones, when commencing an action. Id., 478. The court noted that our Supreme Court has held

that misnaming a defendant was curable under § 52-123 when the misnomer did not result in prejudice to either party, even in cases where the plaintiff used only the defendant's trade name and not the defendant's legal name. Id., 478. The court "decline[d], however, to extend the use of § 52-123 in this manner to a plaintiff that has used a fictitious name for itself when commencing an action." Id. The court concluded that "lack of subject matter jurisdiction . . . requires dismissal, regardless of whether prejudice exists." Id., 480.

In the present case, it is not disputed that Greco Construction was the trade name or assumed business name of Brian Greco doing business as Greco Construction.[4] Because the plaintiff instituted the action using a trade name or assumed business name of "Greco Construction," which is not a legal entity and which does not have a separate legal existence, an action brought under that trade name cannot confer jurisdiction. See id., 477–78. Due to lack of subject matter jurisdiction, dismissal is required. See id., 480.

We reject the plaintiff's attempt to distinguish *America's Wholesale Lender* v. *Pagano*, supra, 87 Conn. App. 474.[5] The plaintiff argues that *America's Wholesale Lender* involved a plaintiff that was a national mortgage

---

[4] In its "motion to amend pleadings to correct misnomers," the plaintiff states that "Greco Construction . . . can be properly seen as the business names for [Brian Greco doing business as Greco Construction]."

[5] We also reject the plaintiff's argument that the present case is akin to *Dyck O'Neal, Inc.* v. *Wynne*, 56 Conn. App. 161, 742 A.2d 393 (1999). In that case, this court concluded that the correction of the name of the substitute plaintiff from "Dyck O'Neal" to "Dyck O'Neal, Inc.," was a circumstantial error that could be cured pursuant to § 52-123. Id., 166. In *America's Wholesale Lender*, the court distinguished *Dyck O'Neal, Inc.*, by, inter alia, noting that the record in *Dyck O'Neal, Inc.*, "suggested the omission of the plaintiff's designation was a typographical error in the court's judgment file, not an action necessarily attributable to the plaintiff. [*Dyck O'Neal, Inc.* v. *Wynne*, supra, 164 n.4.]" *America's Wholesale Lender* v. *Pagano*, supra, 87 Conn. App. 479 n.5. The present case does not concern a typographical error in the court's judgment file, and, thus, *Dyck O'Neal, Inc.*, is inapposite.

lender involved in a vast number of foreclosures, whereas the plaintiff in the present case was working as a subcontractor on the defendants' home, had incorporated the surname "Greco" in its trade name and was an individual operating a sole proprietorship. The plaintiff argues that the holding in *America's Wholesale Lender* should be construed to apply only to corporate entities that commence actions under wholly different trade names bearing no resemblance to the true identity of the entity.

The court in *America's Wholesale Lender* made no distinction between trade names incorporating surnames and those that do not, or between large corporations and sole proprietorships. Rather, it clearly stated that, in order for a court to have jurisdiction, the plaintiff must have an actual legal existence, and, because the trade name of a legal entity does not have a separate legal existence,[6] a plaintiff bringing an action solely in a trade name cannot confer jurisdiction on the court. *America's Wholesale Lender* v. *Pagano,* supra, 87 Conn. App. 477. Accordingly, the court properly granted the defendants' motion to dismiss for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] We note that the statutory scheme affords a greater leniency where a *defendant* is misnamed in the initial papers than where a *plaintiff* is misnamed. The plaintiff, after all, is the author and presumably ought to know

its identity; also it is the plaintiff rather than the defendant who seeks to invoke the jurisdiction of the court.