**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM J. ROBERTS,

       Plaintiff-Appellant,

v.

AMERICA'S WHOLESALE LENDER;
BAC HOME LOANS SERVICING, L.P.,
f/k/a Countrywide Home Loans
Servicing; RECONTRUST COMPANY,
N.A.; COUNTRYWIDE HOME LOANS,
INC.; U.S. BANK NATIONAL
ASSOCIATION; RUSSELL S.
WALKER,

       Defendants-Appellees.

No. 12-4088
(D.C. No. 2:11-CV-00597-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

William J. Roberts, appearing pro se, appeals from the district court's order dismissing his complaint under Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2003, Mr. Roberts took out a loan from Countrywide Home Loans, Inc., (CHL), doing business as America's Wholesale Lender (AWL), in the amount of $102,000 that Mr. Roberts used to refinance a property in Salt Lake City, Utah. In connection with the loan, Mr. Roberts executed a Note and a Deed of Trust (REFI Deed) that granted CHL a secured interest in the property. AWL also appeared as the lender on the REFI Deed. AWL later assigned its beneficial interest under the REFI Deed to BAC Home Loans Servicing, LP (BAC-HLS). In turn, BAC-HLS appointed ReconTrust Company, N.A. (ReconTrust) as the successor trustee.

When Mr. Roberts defaulted on the loan, ReconTrust scheduled a non-judicial foreclosure sale of the property. That sale did not take place because Mr. Roberts and CHL/AWL agreed to postpone the sale in light of the state-court suit filed by Mr. Roberts in which he asserted claims against CHL/AWL for: (1) declaratory judgment; (2) quiet title; (3) unjust enrichment; (4) reckless/intentional infliction of emotional distress; (5) fraud; and (6) an accounting. The case was removed to federal court on grounds of diversity.

AWL, BAC-HLS, and ReconTrust moved to dismiss. Following briefing and oral argument, the magistrate judge issued a comprehensive and well-reasoned report and recommendation in which he examined all of the claims and recommended that

the motion to dismiss be granted. The district court overruled Mr. Robert's objections, and adopted the report and recommendation. Mr. Roberts now appeals.[1]

We review de novo an order dismissing a complaint under Rule 12(b)(6) for failure to state a claim. *MediaNews Grp., Inc. v. McCarthey*, 494 F.3d 1254, 1260 (10th Cir. 2007). "Because this is a diversity case, we apply the substantive law of the forum state, Utah," in analyzing the claims. *Id.*

In his opening brief, Mr. Roberts never mentions his claims for declaratory relief or an accounting. Further, he makes only passing reference to the claims for unjust enrichment and reckless/intentional infliction of emotional distress. These "arguments," however are simply declarations without any legal support. Admittedly, Mr. Roberts's discussion of the quiet title claim is slightly more detailed, but he once again fails to cite any relevant legal authority. Simply put, Mr. Roberts's failure to adequately develop any argument means that he has forfeited appellate review on these claims. *See, e.g., Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).[2]

---

[1] Between the time that the magistrate judge issued his report and recommendation but before the district court entered its order, Mr. Roberts filed a motion for a temporary restraining order and preliminary injunction. The court denied Mr. Roberts's request in its order adopting the magistrate judge's report and recommendation. Mr. Roberts does not appeal from that ruling.

[2] Although Mr. Roberts does mention "mortgage fraud" in his opening brief, this claim is linked to an issue that Mr. Roberts never raised in the district court, and we decline to consider it on appeal, as explained *infra*.

We acknowledge that Mr. Roberts is proceeding pro se, but that does not excuse him from "follow[ing] the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). It is not enough for a party on appeal to simply state that the trial court erred without advancing "reasoned argument as to the grounds for the appeal." *Habecker v. Town of Estes Park, Colo*., 518 F.3d 1217, 1223 n.6 (10th Cir. 2008) (internal quotation marks omitted). Instead,

> [u]nder [Federal Rule of Appellate Procedure] 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority. When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research.

*Garrett*, 425 F.3d at 841 (ellipsis, citation, brackets and internal quotation marks omitted). Nonetheless, we have examined the record, considered the applicable law, and discern no reversible error.

There are two issues that Mr. Roberts does raise in his brief. First, he argues that "AWL was a fictitious entity" and thus could not "execute any legally binding documents." Aplt. Opening Br. at 7. As a result, he reasons that AWL's assignment of its beneficial interest under the REFI Deed was ineffective, and ReconTrust lacked the authority to foreclose. The issue of whether AWL was a "fictitious entity" was thoroughly analyzed by the magistrate judge, who took "judicial notice of the New York State document . . . which shows AWL . . . is a trade name for [CHL]." R. Vol. 1 at 822. The district court noted that Mr. Roberts's "objection concerning the

- 4 -

corporate identity of [AWL] was carefully considered and addressed by the magistrate judge," who concluded that the "claims challenging AWL's corporate identity were without factual or legal basis." *Id*. at 843.

Mr. Roberts relies on two cases to support the argument that AWL lacked the authority to assign a beneficial interest in the REFI Deed. But those cases, *America's Wholesale Lender v. Pagano*, 866 A.2d 698 (Conn. App. Ct. 2005), and *America's Wholesale Lender v. Silberstein*, 866 A.2d 695 (Conn. App. Ct. 2005), are inapposite. First, these cases apply the substantive law of Connecticut. In this diversity case, the substantive law of Utah applies. *See MediaNews*, 494 F.3d at 1260. Second, and more to the point, these cases hold that because a trade name is not an entity with legal capacity to sue under Connecticut law, AWL lacks standing to file suit in Connecticut state court. In this case, however, AWL did not file suit against Mr. Roberts. As such, AWL's standing to sue is not an issue.

The other issue raised by Mr. Roberts is that neither AWL nor BAC-HLS have standing to pursue foreclosure of the property because Fannie Mae owns the Note and REFI Deed. He also argues that BAC-HLS committed mortgage fraud because it "knew Fannie Mae was the beneficial owner of the [REFI] Deed and Note." Aplt. Opening Br. at 9. Mr. Roberts, however, did not raise these arguments in the district court. Because he has not argued for plain-error review in his opening brief on appeal, the arguments are forfeited. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application

- 5 -

on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").

The judgment of the district court is affirmed.

Entered for the Court


John C. Porfilio
Senior Circuit Judge