******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JUST RESTAURANTS *v.* THAMES RESTAURANT
GROUP, LLC
(AC 38493)

DiPentima, C. J., and Mullins and Bear, Js.

*Submitted on briefs January 6—officially released April 4, 2017*

(Appeal from Superior Court, judicial district of New London, Vacchelli, J.)

*Scott M. Schwartz* filed a brief for the appellant (defendant).

*Renee Marie Houle* filed a brief for the appellee (substitute plaintiff).

*Opinion*

PER CURIAM. The defendant, Thames Restaurant Group, LLC, appeals from the judgment of the trial court rendered in favor of the substitute plaintiff, John Russo, doing business as Just Restaurants Business Brokers. The dispositive issue is whether the trial court lacked subject matter jurisdiction over this action. We agree with the parties that the action was commenced by the named plaintiff, Just Restaurants, using a fictitious or assumed business name, or a trade name. Under our law, that name did not create or encompass a person or entity with a legal existence, and, therefore, the named plaintiff had had no capacity to bring an action. The court thus lacked subject matter jurisdiction over its complaint and the action. Accordingly, we reverse the judgment of the trial court and remand the case with direction to dismiss the action.

The following facts and procedural history are relevant to our analysis. The named plaintiff commenced this action with a three count complaint setting forth claims of breach of a promissory note, unjust enrichment, and a violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110a et seq. The named plaintiff alleged in its complaint that the defendant had purchased a business and real estate in New London from a third party and had agreed to pay $40,000 of the named plaintiff's commission from this transaction over a five year period at 5 percent interest. The defendant filed an answer and special defenses, including a claim that the named plaintiff was not a legal entity and, therefore, had no capacity or standing to bring the action. The named plaintiff denied that special defense.[1]

The named plaintiff filed two motions to have "John Russo, doing business as Just Restaurants Business Brokers" named as the proper plaintiff. First, it filed a motion to amend the complaint. Second, it filed a motion to substitute the party plaintiff. The court granted both motions over the objections of the defendant.

A one day court trial occurred on September 29, 2015, the same day that the motion to amend the complaint and motion to substitute were granted. After hearing testimony from Russo and Albert Farrah, a member of the defendant, the court issued an oral decision. It rendered judgment in favor of the substitute plaintiff on the breach of a promissory note count, and in favor of the defendant on the unjust enrichment and CUTPA counts. The court awarded the substitute plaintiff $32,328. This appeal followed.

On November 25, 2016, the substitute plaintiff filed in this court a motion to dismiss the defendant's appeal pursuant to Practice Book § 66-8. Specifically, it argued that both the trial court and this court lacked jurisdic-

tion and requested the following relief: "Therefore, the appeal must be dismissed and the matter remanded to the trial court so that the underlying judgment may be opened, vacated and the action dismissed without prejudice for lack of subject matter jurisdiction."

As an initial matter, we address the substitute plaintiff's motion to dismiss the appeal, and his claim that this court lacks jurisdiction over the appeal. The substitute plaintiff appears to argue that because the trial court lacked jurisdiction, this court also is without jurisdiction. Established law does not support this proposition. This court has jurisdiction to determine whether the trial court lacked jurisdiction. *State* v. *Johnson*, 301 Conn. 630, 641–42, 26 A.3d 59 (2011); *State* v. *Martin M.*, 143 Conn. App. 140, 143–44 n.1, 70 A.3d 135, cert. denied, 309 Conn. 919, 70 A.3d 41 (2013); *Gemmell* v. *Lee*, 42 Conn. App. 682, 684 n.3, 680 A.2d 346 (1996); see also *Belden, Trustee* v. *Sedgwick*, 68 Conn. 560, 567, 37 A. 417 (1897) ("[t]his court has jurisdiction to review any judgment of the Superior Court from which an appeal is taken on the ground that it was void for want of jurisdiction"). Accordingly, the substitute plaintiff's motion to dismiss the appeal is denied.

Next, we set forth the applicable standard of review and the relevant legal principles. "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation marks omitted.) *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, 136 Conn. App. 683, 685–86, 47 A.3d 394 (2012).

On appeal, the defendant argues that the court erred by granting the motions to amend and substitute, and by failing to dismiss the action for lack of subject matter jurisdiction. Specifically, it contends that the named plaintiff was a trade name and without a separate legal existence from the substitute plaintiff. As a result, the named plaintiff did not have the legal capacity to bring the action solely in its name, and, therefore, the court lacked subject matter jurisdiction. Although the substi-

tute plaintiff filed a brief opposing the defendant's appellate arguments, it subsequently agreed that the trial court lacked subject matter jurisdiction. We agree with the parties that the trial court was without jurisdiction over this case.

"It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. . . . Although a corporation is a legal entity with legal capacity to sue, a fictitious or assumed business name, [or] a trade name, is not a legal entity; rather, it is merely a description of the person or corporation doing business under that name. . . . *Because the trade name of a legal entity does not have a separate legal existence, a plaintiff bringing an action solely in a trade name cannot confer jurisdiction on the court.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *America's Wholesale Lender* v. *Pagano*, 87 Conn. App. 474, 477, 866 A.2d 698 (2005); see also *Greco Construction* v. *Edelman*, 137 Conn. App. 514, 518–20, 49 A.3d 256 (2012); *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, supra, 136 Conn. App. 687–91; *America's Wholesale Lender* v. *Silberstein*, 87 Conn. App. 485, 486, 866 A.2d 695 (2005).

In the present case, it is undisputed that the named plaintiff was a trade name or assumed business name of John Russo, doing business as Just Restaurants Business Brokers. Pursuant to our law, the initiation of the action solely by the named plaintiff, which is not a legal entity and does not have a separate legal existence, cannot confer jurisdiction on the court; a dismissal, therefore, is required.[2] See *Greco Construction* v. *Edelman*, supra, 137 Conn. App. 518–19.

The judgment of the trial court is reversed and the case is remanded with direction to render judgment dismissing the action.

[1] The named plaintiff neither admitted nor denied the other three special defenses raised by the defendant.

[2] We note that, in some circumstances, the court may allow for the substitution or addition of a plaintiff when an action has been commenced in the name of the wrong person as the plaintiff. General Statutes § 52-109 provides: "When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." Given the facts of this case, this statute is inapplicable. See *America's Wholesale Lender* v. *Silberstein*, supra, 87 Conn. App. 489 (case commenced by trade name was improper and substitution of proper plaintiff pursuant to § 52-109 could not cure jurisdictional defect).