## THE HAWTHORNE SASH AND DOOR COMPANY *vs.* THE CITY OF NEW LONDON.

Second Judicial District, Norwich, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Under the Corporation Act of this State, corporate existence, including the capacity to sue and be sued, begins when the certificate of incorporation is approved.

A writ of garnishment simply serves as notice to the garnishee to retain in his hands any effects belonging to the defendant or any indebtedness due him.

A writ and complaint describing the defendant as "The Thomas C. West Company," may be amended so as to describe such party as "Thomas C. West, doing business as the Thomas C. West Company," to conform to the proof; and the allowance of such amendment will not defeat an attachment by garnishment of a debt due to such defendant, or postpone it to a subsequent attachment of the same debt, unless the garnishee or the subsequent attaching creditor has been misled or prejudiced thereby.

In an action of *scire facias* against a garnishee under § 5973, it appeared that the same debt had been previously garnisheed by another alleged creditor of the original defendant, and that the prior suit was still pending. The amount of the damages claimed in the earlier suit was $500, and the amount of the debt due from the garnishee was found, in the *scire facias* proceeding, to be $890, but the plaintiff did not offer to accept the surplus of $390 in full satisfaction of its garnishment. *Held* that under these circumstances the trial court committed no error in rendering a judgment for the defendant garnishee, since the amount recoverable by the plaintiff could not then be determined in the *scire facias* action.

Argued October 16th—decided November 7th, 1923.

ACTION of *scire facias* against a garnishee, brought to and tried by the Superior Court in New London County, *Jennings, J.*; facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The complaint, in the nature of a writ of *scire facias*, recites that the plaintiff brought an action, in the Superior Court in New London County, against Thomas C. West, of the town of Waterford, and the Thomas C. West Company, a Connecticut corporation located in Waterford, claiming $2,022.64 damages, by writ of summons and garnishment, duly served on the City of New London, as garnishee, dated June 10th, 1921. Then follow the usual allegations as to judgment, execution, demand and refusal to pay, and that the city at the time of the service of the writ of garnishment was indebted to both of the defendants in a greater sum than the amount of the judgment and execution.

The garnishee admits service of the writ and that demand was made for payment of the execution, and admits that at the time of the service of the writ it was "indebted to Thomas C. West doing business under the name of Thomas C. West Company in the sum of $889.98." In a second defense the garnishee alleges that one Klitgaard claims to have a lien on the indebtedness last named, by virtue of a writ of foreign attachment served on the city in January, 1921, in an action brought by Klitgaard against the Thomas C. West Company demanding $500 damages, which action is still pending and undetermined. Klitgaard was notified and appeared in this action and gave bond as required by § 5973 of the General Statutes.

The second defense also sets up several other alleged prior liens upon the admitted indebtedness, which have been eliminated in the course of the trial of this action.

The court found that on June 10th, 1921, the date of the service of the plaintiff's writ of garnishment, the City of New London was indebted to Thomas C. West in the sum of $889.98 "by virtue of a contract for the erection of a fire house entered into between the city and Thomas C. West doing business as the Thomas C. West Company."

As to the Klitgaard lien, it is found that the city was duly served with a writ of garnishment on January 11th, 1921, in an action brought by Klitgaard against "The Thomas C. West Company, Incorporated," claiming $500 damages, and that the Klitgaard garnishment was, *pro tanto*, a valid prior garnishment of the indebtedness due the contractor. Other facts are stated in the opinion.

*Arthur T. Keefe*, for the appellant (plaintiff).

*Frank L. McGuire*, for the appellee (defendant).

BEACH, J. Plaintiff claims that the prior garnishment by Klitgaard was wholly ineffectual, because the contract out of which the indebtedness in question arose was made with Thomas C. West as an individual, and that Klitgaard, who sued "The Thomas C. West Company, Incorporated," brought his action against the wrong defendant and against a nonexistent corporation.

We think these claims are not supported by the facts found.

The contract for the erection of the fire house was signed, "Thomas C. West Co., by Thomas C. West, contractor," and the finding, as corrected, is that at the date of the service of the plaintiff's writ the city was indebted to Thomas C. West, by virtue of a contract entered into between the city and Thomas C. West

"doing business as the Thomas C. West Company." It is also found that a certificate of incorporation of the Thomas C. West Company was approved by the Secretary of State on August 28th, 1919. There is no finding that a certificate of organization of the Thomas C. West Company was ever filed and approved, and no finding that there was ever any meeting of stockholders or election of directors and officers of the corporation.

The result of these findings is that prior to the service of the Klitgaard garnishment, Thomas C. West was carrying on a contracting business under the name of the Thomas C. West Company, a corporation legally existent but without lawful capacity to carry on business, and apparently without any officers or agents through whom it could or did attempt to carry on business as a corporation. In respect of matters growing out of his contracting business, Thomas C. West might at that time have been sued either in his own name or under his trade name. Klitgaard sued the Thomas C. West Company and described it as a corporation, but this did not invalidate the writ, because there was such a corporation in existence having capacity to sue and be sued. *Chieppo* v. *Chieppo*, 88 Conn. 233, 90 Atl. 940; *Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 Conn. 1, 40 Atl. 1046. As to the claim that the garnishment was ineffectual because the company was sued as a corporation and not as another name for Thomas C. West, it is to be observed that the service of the writ of garnishment did not purport to operate as a physical attachment of any property belonging to the defendant described in the writ, but as notice to the garnishee to retain in its hands any effects belonging to the defendant or any indebtedness due the defendant. *Harris* v. *Balk*, 198 U. S. 215, 223, 25 Sup. Ct. 625; General Statutes, § 5915.

There was but one Thomas C. West Company with

whom the city had any contractual relation, and we are of opinion that the trial court was right in holding that the city was sufficiently notified by the Klitgaard garnishment that the concern named therein was the same Thomas C. West Company whose name was signed to its contract. Whether it was correctly described, and, if not, whether the error was curable by amendment, were questions affecting the validity of the Klitgaard garnishment which were properly determinable in this proceeding. § 5973. We see no reason why the error may not be cured by amendment, in the discretion of the Superior Court, so that the Klitgaard writ and complaint will conform to the proofs. Nobody has been deceived, and there is no equitable reason why the garnishment should be dissolved by the allowance of the amendment. The Superior Court did not err in holding that the Klitgaard garnishment was a valid garnishment prior in date to that of the plaintiff.

Plaintiff claims that in any event the court erred in not rendering judgment in its favor for $389.98, being the balance of indebtedness admittedly due over and above the Klitgaard claim of $500. It does not offer to accept this amount in full satisfaction of its garnishment, and a judgment in partial satisfaction might subject the garnishee to two judgments in respect of the same garnishment. Irrespective of the stipulation made by the parties, we think this would be wrong in principle and would violate the intent of § 5973. The present action is premature because the amount recoverable by the plaintiff cannot now be determined.

The other assignments of error require no discussion. There is no error.

In this opinion the other judges concurred.