WORLD FIRE AND MARINE INSURANCE COMPANY *vs.* ALLIANCE SANDBLASTING COMPANY.

First Judicial District, Hartford, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

When a party defendant is misdescribed in the writ, the defect is amendable under § 5664 of the General Statutes, provided the error relates, not to the identity but merely to the description of the party such as, for example, its status as a corporation, a partnership or an individual.

An amendment of a writ relates back to the commencement of the action.

The writ in the present case was directed against "The Alliance Sandblasting Company, a corporation of New York having an office and carrying on business in the City of Hartford," whereas it should have been against "Julius Goodman doing business under the trade name of The Alliance Sandblasting Company." *Held* that the action of the trial court in permitting the error to be cured by amendment did not constitute a substitution of parties; and that a garnishment made under a direction con-

tained in the original writ was not affected by the change, since it did not appear that the garnishee or anyone else had been misled or prejudiced by the mistake.

The plaintiff insurer sued to recover the amount paid to its insured for a loss by fire to his dwelling, which was alleged to have resulted from the negligent use by the defendant of kerosene torches for the purpose of removing the paint from the building. The jury returned a verdict for the defendant. *Held* that the verdict was reasonably supported by the evidence.

The doctrine of *res ipsa loquitur* merely raises a presumption of negligence which may always be overcome by proof.

A general verdict imports that all the issues are found for the prevailing party; and therefore if no error intervened in the determination of one of the issues, the verdict must stand although it could not be supported upon the other issue or issues submitted to the jury.

Argued January 4th—decided March 5th, 1927.

ACTION to recover payments made by the plaintiff to its insured under a policy of fire insurance on account of a fire alleged to have been caused by the defendant's negligence, brought to the Court of Common Pleas for Hartford County where the defendant's plea in abatement and to the jurisdiction was overruled (*Molloy, J.*) and the issues tried to the jury before *Howard, J.;* verdict for the defendant, which the trial court set aside as against the evidence, and from this decision the defendant appealed. *Error; judgment for defendant to be entered on verdict.*

*Morris Blumer,* for the appellant (defendant).

*George H. Day* and *Walfrid G. Lundborg,* for the appellee (plaintiff).

HINMAN, J. On April 13th, 1925, the Alliance Sandblasting Company contracted for the removal of the paint from a house in Hartford, owned by one Merrow. The contract called for the use of lime and caustic soda, but this method proving ineffective it

was subsequently agreed by the parties that the paint should be removed by burning with torches. On April 21st, while two of defendant's employees were engaged in the work, using kerosene torches, a fire broke out in the roof of the building above the point where the men were working and the premises were damaged thereby. The plaintiff, in consequence, paid the owner for fire loss under a policy written by it and, under subrogation to the owner, subsequently brought this action to recover from the defendant the amount so paid, on the ground that the fire was caused by negligence in and pertaining to the use of the torches.

The Alliance Sandblasting Corporation is a New York corporation and does no business outside the State of New York; the Alliance Sandblasting Company is the trade name under which one Julius Goodman does business, which trade name is registered in New York but not in Hartford. Both occupy the same office in New York City. It was the latter concern which contracted with Merrow. The writ was originally directed against "The Alliance Sandblasting Company, a corporation of New York having an office and carrying on business in the City of Hartford." Service was made, under an order of notice, by registered mail, addressed to the company at its New York address, and Goodman is found to have had actual notice of the pendency of the action.

After a plea in abatement filed by the corporation had been overruled, the plaintiff was permitted to amend its writ by striking out the name of the defendant as it originally appeared and substituting therefor Julius Goodman doing business under the trade name of the Alliance Sandblasting Company. Goodman then entered a plea in abatement and to the jurisdiction, claiming that this change constituted a substitution of parties, and that the garnishment made

under the original writ and upon which jurisdiction depended was not valid as against Goodman. The overruling of this plea is made the ground of one of the two reasons of appeal, but the action of the court was correct. The dealings had been with, the moneys garnisheed belonged to, and the cause of action, if any, was against, the Alliance Sandblasting Company. The identity of the defendant was originally and at all times the same in the mind of the plaintiff and the entity is one and the same whether it be a contractual entity (a partnership), an artificial entity (a corporation), or a personal entity (an individual); its name is the same and its liability is the same and enforceable by the same remedies. The plaintiff's mistake was not as to the entity itself—not as to the party sued, but in describing what kind of an entity the defendant was; it sued the proper party, but in so doing misdescribed that party, not in respect to name, but solely as to status, as being an artificial instead of a personal entity. The averment that the Alliance Sandblasting Company was a corporation was no part of the name of that company. The change made by the amendment did not affect the identity of the party sought to be described, but merely made correct the description of the real party sued; it did not substitute or bring in a new party. *Goldstein* v. *Peter Fox Sons Co.,* 22 N. D. 636, 135 N. W. 180, 40 L. R. A. (N. S.) 566; *Manistee Mill Co.* v. *Hobdy,* 165 Ala. 411, 51 So. 871, 138 Amer. St. Rep. 73; *Ex parte Nicrosi,* 103 Ala. 104, 15 So. 507; *Western Railway* v. *Sistrunk,* 85 Ala. 352, 5 So. 79. "The effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will

not be allowed." Annotator's note to *Goldstein* v. *Peter Fox Sons Co.*, 40 L. R. A. (N. S.) 567. The amendment was properly allowed under § 5664 of the General Statutes. *Hawthorne Sash & Door Co.* v. *New London,* 99 Conn. 672, 676, 122 Atl. 658. The amendment related back to the commencement of the action. *LaBarre* v. *Waterbury,* 69 Conn. 554, 37 Atl. 1068; *Windham* v. *Litchfield,* 22 Conn. 226.

The garnishment was not invalidated because the "Company" was sued as a corporation and not as a trade name for Julius Goodman. There was, so far as appears, but one Alliance Sandblasting Company with whom the garnishee had contractual relations and it was sufficiently notified that the concern named in the writ was the one whose moneys it held. No one was deceived and there is no sound reason why the validity of the garnishment should be affected by the amendment. *Hawthorne Sash & Door Co.* v. *New London, supra.*

The other reason of appeal assigns error in setting aside the verdict. It appears from the trial court's memorandum that it held that the jury could not reasonably have found for the defendant upon either the estoppel claimed in its second defense or the issue of negligence alleged in the complaint. As to the estoppel the court did not err; the evidence as to the matter of insurance reasonably suggests only the safeguarding of the owner's insurance against invalidation by reason of the unauthorized use of torches, and affords no basis for an understanding that the owner was to insure the liability of the defendant for the result of its own acts.

The final question is whether, upon the issue of negligence, the jury could reasonably have rendered their verdict in favor of the defendant. The burden was upon the plaintiff-appellee to prove by a fair pre-

ponderance of the evidence that the defendant-appellant's servants were negligent in the use of the torches and that such negligence caused the fire. Assuming that the fire did originate from the torches, that fact does not, of itself, establish negligence on the part of the defendant. .The plaintiff cannot, upon proof of the occurrence of the fire, rely upon the doctrine of *res ipsa loquitur* as relieving it from proof of causal connection between negligent use of the torches and the fire. If this doctrine were applicable, it would only establish a prima facie case which could be overcome by proof. Evidence on this point has been offered by each party and the issue must be determined upon the evidence and not upon a mere presumption.

The plaintiff introduced evidence tending to prove that the defendant's servants were negligent in the use of the torches and that the fire resulted therefrom. The defendant offered evidence that its servants were competent and experienced; that the appliances used were customary and proper and that the flame generated from the torches was not unusual; that the methods used in burning off the paint were proper, and that in no particular were the defendant's servants negligent in the use of the torches. The jury might reasonably have found that, even if the fire did result from the use of the torches, it was not due to negligent use thereof.

The remaining claim of negligence is that the defendant failed to exercise the required degree of care in anticipating and guarding against the contingency of heat or sparks from the paint-burning operations penetrating between and beyond the top of the brick side-wall and the under side of the roof and igniting the latter at a point above and inside the wall, where the fire did originate. There was conflict of testimony as to the existence of any discernible opening between

World Fire & Marine Ins. Co. *v.* Alliance Sandblasting Co.

the top of the wall and the roof at the plate-line at or near the point where defendant's employees were working at the time. The fact that none of the woodwork of the eaves and cornice, which was nearest the point of operations, ignited from the torches, would logically suggest that ignition at a more distant point was not reasonably to be apprehended, and would indicate, also, that if the fire was caused from the torches it occurred through ignition of the paper covering of a moss "mattress" with which the under side of the roof inside the walls of the house was lined as a protection against heat and cold. The existence of this mattress was not, so far as appears, brought to the attention of the defendant, and the jury might properly have found, from the evidence as to its location and inaccessibility, that it would not have been discoverable upon such inspection as it was incumbent upon the defendant to make.

We cannot hold, as a matter of law, that the jury's acceptance of the defendant's claim that the fire did not originate through the negligence of it or its servants was so unreasonable as to justify the trial court in setting aside the verdict.

While the general verdict imports that both the issues of estoppel and negligence were found for the defendant, and a verdict based solely on the former issue would lack essential support, yet, since a finding for the defendant upon the issue of negligence cannot be disturbed, the verdict must stand. *Callahan* v. *Jursek*, 100 Conn. 490, 493, 124 Atl. 31; *Wladyka* v. *Waterbury*, 98 Conn. 305, 313, 119 Atl. 149.

There is error, and the cause is remanded with direction to enter a judgment for the defendant in accordance with the verdict.

In this opinion the other judges concurred.