[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS CT Page 7489
The plaintiff instituted the present action to recover damages for unlawful disability discrimination. The action was brought against the City of Stamford Police Department. The defendant has filed a Motion to Dismiss the action asserting that the court is without personal jurisdiction over the defendant because the Police Department of the City of Stamford is not a legally recognized entity and that the action should have been instituted against the City of Stamford. Within 30 days of the return date, the plaintiff filed an amendment to the writ and complaint naming the City of Stamford as the defendant. On the same day the plaintiff also filed a Request for Leave to Amend the Complaint to accomplish the same result. Service of process was made upon the Assistant Clerk of the City of Stamford and no claims are raised by the defendant with respect to the manner of service or whether service was made upon the proper party.
A plaintiff may amend any defect, mistake or informality in the writ or complaint as a matter of right within the first thirty days after the return day. General Statutes 52-128; Practice Bk. 175. The plaintiff has filed an amendment as a matter of right within our rules of procedure. The purpose of the Request to Amend the Complaint is to amend the complaint in a form already accomplished by the filing of the amendment as a matter of right. Accordingly, the Request to Amend the Complaint is denied as moot.
"The change made by the amendment did not affect the identity of the party sought to be described, but merely made correct the description of the real party sued; it did not substitute or bring in a new party." World Fire and Ensign Marine Insurance Co., v. Alliance Sand Blasting Co., 105 Conn. 640, 643 (1927). General Statutes 52-123 provides that no writ or pleading shall be abated "for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightfully understood and intended by the court." The purpose of the statute is to prevent abatement of proceedings for circumstantial errors so long as there is sufficient notice to the parties. Hartford National Bank Trust Co., v. Tucker, 178 Conn. 472, 478 (1979) (cert. denied) 445 U.S. 904
(1980).
The court holds that the description of the party-defendant in the above entitled matter is a circumstantial defect within the meaning of our statutes and case law and, accordingly, the Motion to Dismiss is denied.
RUSH, J. CT Page 7490