[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs, Richard and Joyce Pauker, have brought the present action asserting that the revaluation and assessment by the defendants has caused their property to be grossly over-valued and has subjected the plaintiffs to taxes that are unjust and excessive. The defendant has filed a Motion to Dismiss the action asserting that the court lacks jurisdiction by virtue of the plaintiffs' lack of standing on the grounds that the plaintiffs are not the record owners of the property in question, but rather own the property in their capacity "Trustees".
As an initial matter, a default was entered against the defendant for its failure to plead on the same day that it filed its Motion to Dismiss. Accordingly, the court believes it is appropriate to set, aside the default so as to permit a determination of the motion to dismiss filed by the defendant.
"It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects" and General Statutes52-123 protects against such consequences. Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472, 477-478 (1979). General Statutes 52-123 provides:
 "No writ, pleading, judgment, or any kind proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or CT Page 6646 defects, if the person and the cause may be rightly understood and intended by the court."
The test to be applied to determine whether an amendment to the complaint so as to properly describe the plaintiff is merely a correction of a misnomer, as opposed to substituting a new party, requires consideration of: "(1) whether the defendant had notice of the institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or mislead in any way." Kaye v. Manchester, 20 Conn. App. 439, 444
(1990). An amendment to describe the plaintiffs as trustees, would not affect the identity of the parties prosecuting the case but merely would correct the description of their status. See, Pack v. Burns, 212 Conn. 381, 384 (1989); World Fire and Marine Insurance Co. v. Alliance Sandblasting Co., 105 Conn. 640, 643 (1927). See also, 59 Am.Jur.2d 180 pp. 679-80 (1987).
Accordingly, the court holds that any defect in the description of the plaintiffs is a defect within the meaning of General Statutes 52-123 and, is therefore, amendable and not basis for a motion to dismiss. Accordingly, the Motion to Dismiss is hereby denied.
RUSH, J.