[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #103
The defendant, Twin Laboratories, Inc., has filed a motion to dismiss the present action claiming that the court lacks subject matter jurisdiction over it since the plaintiff Phillip A. Schiavoni improperly initiated this suit under a trade name. The CT Page 85 original named plaintiff, PAS Associates, is a sole proprietorship. Both parties acknowledge that it was improper to name PAS Associates as the plaintiff in the present action because it is not a legal entity with the legal capacity to sue. See Pat Gilbertie Plumbing Heating v. Holcombe, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146007 (December 22, 1995, Hickey, J.) (granting motion to dismiss when suit initiated under a trade name); Solar SheetMetal Pomazi Roofing Co. v. Caprio, Superior Court, judicial district of Fairfield, Docket No. 318253 (November 28, 1994,Levin, J.) (dismissing application for prejudgment remedy sua sponte since action commenced in a trade name). Subsequent to the filing of the motion to dismiss, the plaintiff filed an amended complaint pursuant to Practice Book § 10-59 substituting his own name as the plaintiff instead of the trade name, PAS Associates. The defendant argues that the court lacks jurisdiction over the present action in order to permit the amended complaint. In the alternative, the defendant contends that it was improper to substitute the name of the plaintiff by filing an amended complaint pursuant to Practice Book §10-59. Instead, the defendant argues that the plaintiff should have sought permission for substitution pursuant to Practice Book § 9-20.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Taft v.Wheelabrator Putnam, Inc., 55 Conn. App. 359, 362, ___ A.2d ___ (1999). "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created. . . . Lack of subject matter jurisdiction may be raised at any time. . . . Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Westbrook v. Savin Rock CondominiumsAssociation, Inc., 50 Conn. App. 236, 242, 717 A.2d 789 (1998).
Practice Book § 10-59 states: "The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day." See also General Statutes § 52-128. The plaintiff filed an amended complaint within the first thirty days after the return date. Based upon the CT Page 86 circumstances of the present case, this court concludes that the plaintiff's use of Practice Book § 10-59 to correct the complaint was appropriate.
In ITT Semiconductors v. Matheson Gas Products, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 029553 (October 2, 1991, Maiocco, J.), the plaintiff initially filed the complaint as "ITT Semiconductors, a division of ITT Corporation." The defendants filed a motion to dismiss for lack of subject matter jurisdiction because a division is not a legal entity with the capacity to sue. The plaintiff sought permission to amend the caption of the complaint to read "ITT CORPORATION, DOING BUSINESS AS ITT SEMICONDUCTORS" pursuant to Practice Book § 101 (presently § 9-20). The court concluded that "the defendants knew that they were being sued by ITT Corporation, and it is clear no unfair prejudice of their rights will result from a change in the named plaintiff in the writ of summons and complaint. Consequently, the court feels that it is in the interests of furthering the litigation and advancing justice, to allow the plaintiff to amend its pleadings pursuant to Practice Book § 101 and § 6 [(presently § 1-8)], by substituting the named plaintiff to be `ITT CORPORATION, DOING BUSINESS AS ITT SEMICONDUCTORS.'"
This court adopts the reasoning set forth in ITT Semiconductorsv. Matheson Gas Products, supra, Superior Court, Docket No. 029553 and finds it analogous to the present factual situation. The original complaint in this action indicated that PAS Associates was a sole proprietorship. It also stated that "Phillip A. Schiavoni is a Principal and the Managing Director of PAS Associates." (Complaint, first count, ¶ 2.) While the court acknowledges that the original complaint did not explicitly state that Schiavoni is the plaintiff, it can easily be inferred from the language set forth in the complaint that Schiavoni is the plaintiff. In addition, the defendant has not demonstrated any prejudice to it as a result of the defect.
This court disagrees with the defendant's contention that this suit is a nullity and concludes that Isaac v. Mount SinaiHospital, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied,196 Conn. 807, 494 A.2d 494 (1985) is distinguishable. In Isaac, the plaintiff initiated a wrongful death suit mistakenly believing that she was administratrix of the estate. After the statute of limitations had passed for her suits, the plaintiff was appointed administratrix. The Appellate Court affirmed the trial court's CT Page 87 decision to grant the defendants' motion to dismiss and its refusal to permit the administratrix to amend her complaint. The Appellate Court stated: "The named plaintiff in the original complaint never existed. As a consequence, there was no legally recognized entity for which there could be a substitute." Id., 602. Unlike Isaac, this court had jurisdiction over the underlying action at its commencement. While an individual may not initiate a lawsuit in a trade name, this complaint acknowledged that the PAS Associates was a sole proprietorship and named the plaintiff in the pleadings. This court believes that the defect in the pleadings was merely a "misnomer or defect in description," not a "substitution or entire change of party."World Fire Marine Ins. Co. v. Alliance Sandblasting, Co.,105 Conn. 640, 643, 136 A. 681 (1927). Therefore, the plaintiff properly corrected the defect through the amended complaint. See id., 643-44; see also Motiejaitis v. Johnson, 117 Conn. 631, 638,169 A. 606 (1933) (plaintiff permitted to amend writ after verdict, but before judgment to properly name intended defendant which was incorrectly named as a corporation). But see Estate ofSchoeller v. Becker, 33 Conn. Sup. 79, 80, 360 A.2d 905 (1975) (holding the suit was a nullity and refusing to consider whether to grant an amendment because an estate is not a legal entity, and, therefore, not entitled to sue).
The defendant also argues that the plaintiff did not comply with the Connecticut rules of practice because he was required to seek permission from the court for substitution of a party pursuant to Practice Book § 9-20. Practice Book § 9-20
states: "When any action has been commenced in the name of the wrong person as plaintiff, the judicial authority may, if satisfied that it was so commenced through mistake and that it was necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." This court concludes that the present suit was not commenced in the name of the wrong person because a sole proprietorship is not a separate legal entity. The plaintiff was named in the initial pleadings and, in fact, was the real plaintiff since the commencement of this suit. There was no substitution of a party in this case. Therefore, the plaintiff did not need to use Practice Book § 9-20 to amend his complaint.
The motion to dismiss is denied.
MINTZ, J. CT Page 88