******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JOHN RYAN *v.* PAUL A. CASSELLA
## (AC 38910)

Sheldon, Elgo and Shaban, Js.

*Syllabus*

The plaintiff brought an action seeking to collect a debt allegedly owed by the defendant, C, in connection with an agreement for certain advertising services. The plaintiff's amended writ of summons and complaint identified the defendant as C doing business as C Co., and included C's business address in Woodbridge and his residential address in Orange. C's name was misspelled by one letter in both the summons and the complaint and was misspelled throughout the proceedings. The marshal's return of service indicated that service of process was made at the Orange address. The plaintiff thereafter filed a motion for default for failure to appear, which the trial court granted against C doing business as C Co. A copy of the order granting the motion was sent to C. After a hearing in damages at which C did not appear, the trial court rendered judgment in favor of the plaintiff, who mailed notice of the judgment to C at both of his addresses. Following C's failure to appear at a scheduled hearing on the plaintiff's application for an examination of judgment debtor, the court clerk sent a letter on the court's behalf to C at the Orange address requesting his appearance at a rescheduled hearing on the application and warning him that his failure to appear would result in the issuance of a capias for his arrest. The next day, the court received a letter from C's attorney stating, inter alia, that C was the sole resident at the Orange address, that the party named in the clerk's letter did not reside there and that C should not be served with any capias related to the case. The plaintiff then filed a motion to correct the default judgment requesting that the court recognize that the named defendant and C are the same person for purposes of the case because the misspelling of C's name constituted a circumstantial defect that was correctable pursuant to the applicable statute (§ 52-123), which permits in certain circumstances the correction of a misnomer when it does not result in prejudice to the parties. The trial court summarily granted the plaintiff's motion to correct and, thereafter, denied C's motion to open and vacate the court's order granting the motion to correct, and C appealed to this court. Subsequently, the trial court issued an articulation clarifying its decision on the plaintiff's motion to correct. *Held*:

1. C could not prevail on his claim that the trial court improperly granted the plaintiff's motion to correct because it failed to specify a legal basis for its decision, as that court's decision was in accordance with well established law: the motion to correct the subject misnomer fell squarely within the purview of § 52-123, as C had actual notice of the proceedings as evinced by his attorney's acknowledgement in his letter to the trial court and at oral argument before this court that C resided at the Orange address and had received numerous pleadings and other communications related to the collection action, C knew that he was the proper defendant in the action and never disputed that he lived at the Orange address, he was aware that there was only one defendant in the action and the record did not contain any averment by him that he did not enter into the agreement detailed in the plaintiff's complaint, and C did not raise a claim of prejudice before the trial court or in his appellate brief; moreover, contrary to C's contention, the trial court had the authority to grant the plaintiff's motion to correct more than four months after the default judgment had been rendered, as the court was not precluded by the relevant statute (§ 52-212a) from correcting a technical defect in a party's name pursuant to § 52-123.

2. The trial court did not abuse its discretion in refusing to open and vacate its order granting the plaintiff's motion to correct; although C asserted that the judgment should have been opened to cite in his business, I Co., as a party defendant, the default judgment was rendered against C in his personal capacity, as the trial court emphasized in its articulation.

Argued December 11, 2017—officially released March 27, 2018

Action to collect a debt, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the defendant was defaulted for failure to appear; thereafter, following a hearing in damages, the court, *Hon. Edward F. Stodolink*, judge trial referee, rendered judgment for the plaintiff; subsequently, the court granted the plaintiff's motion to correct; thereafter, the court denied the defendant's motion to open the judgment, and the defendant appealed to this court; subsequently, the court, *Hon. Edward F. Stodolink*, judge trial referee, issued an articulation of its decision. *Affirmed.*

*Joshua A. Winnick*, for the appellant (defendant).

*Opinion*

ELGO, J. This is a case about a misspelled last name. The defendant, Paul A. Cassella, appeals from the denial of his motion to open the judgment of the trial court, following the granting of a motion to correct the default judgment rendered in favor of the plaintiff, John Ryan,[1] in the amount of $8429.42. On appeal, the defendant claims that the court (1) improperly granted the motion to correct filed by the plaintiff and (2) abused its discretion in denying his motion to open. We disagree and, accordingly, affirm the judgment of the trial court.

The relevant facts are not in dispute. In early 2014, the plaintiff commenced a collection action with a return date of February 25, 2014. His writ of summons and complaint both identified the defendant as "Paul Cascella dba CIA Integrated Marketing Systems"[2] whose principal place of business was located at 27 Lucy Street in Woodbridge (Woodbridge address). State Marshal William Stuart, in his return of service to the court, attested that "[a]bode service was made upon Paul Cascella at 101 Derby Avenue, Orange, Connecticut" (Orange address) on February 4, 2014.

In his nine sentence complaint, the plaintiff alleged that the parties entered into an agreement in October, 2012, regarding certain advertising services that the plaintiff would perform on the defendant's behalf for the sum of $10,000. The complaint further alleged that, after the plaintiff fully performed his obligations under the contract, the defendant made an initial payment of $2000 but thereafter refused to pay the remaining $8000 due to the plaintiff. The defendant did not file an appearance or otherwise respond to that pleading.

On May 28, 2014, the plaintiff moved for permission to file an amended writ of summons and complaint pursuant to Practice Book § 10-60, which the court granted. As the plaintiff indicated in his motion to the court, the primary purpose of that amendment was to include the Orange address, which he claimed was the defendant's residential address. The amended writ of summons and complaint both included the Woodbridge and the Orange addresses.[3] In the certification to the amended writ of summons and complaint, the plaintiff's counsel stated that "a copy of the foregoing was mailed, USPS postage prepaid, to . . . Paul Cascella dba CIA Integrated Marketing Systems" at both his Woodbridge and his Orange addresses. The return of service provided by the state marshal indicates that service of process of the amended writ of summons and complaint was made at the defendant's Orange address on May 22, 2014. The defendant again did not respond in any manner to the amended pleading.

On June 16, 2014, the plaintiff filed a motion for default due to the defendant's failure to appear. By order dated June 24, 2014, the trial court clerk granted

that motion against "Paul Cascella dba CIA Integrated Marketing Systems." The order further indicated that if the defendant filed an appearance before judgment was rendered, "the default for failure to appear shall automatically be set aside by operation of law." A copy of that order was sent to the defendant.

When the defendant did not file an appearance or otherwise respond to the order, the plaintiff, on July 25, 2014, filed a certificate of closed pleadings and a claim for a hearing in damages on the previously entered default. A hearing in damages was held on September 11, 2014, at which two checks were admitted into evidence. The first, dated January 17, 2013, was drawn on the account of "Integrated Marketing Sys Inc. 27 Lucy St. Woodbridge, CT 06525-2213." That check, in the amount of $1000, was made payable to "John Ryan Advertising." The authorized signature on that check is indecipherable. The second check, dated January 20, 2013, was drawn on the account of "On The Road Again LLC 27 Lucy St. Woodbridge, CT 06525." That check, also in the amount of $1000, was made payable to "John Ryan Advertising." Although the authorized signature on that check also is indecipherable, it closely resembles the first check that was admitted into evidence as exhibit 1. At the conclusion of the hearing, the court rendered judgment in favor of the plaintiff in the amount of $8429.42. The court also ordered postjudgment interest at the rate of 6 percent.

In accordance with Practice Book § 17-22, the plaintiff mailed notice of that judgment to "Defendant Paul Cascella dba CIA Integrated Marketing Systems" at both his Woodbridge and his Orange addresses. On October 22, 2014, the plaintiff obtained a financial institution execution pursuant to General Statutes § 52-367b against "Paul Cascella dba CIA Integrated Marketing Systems" as the judgment debtor.

On June 2, 2015, the plaintiff filed an application for an examination of judgment debtor, which the court granted. A hearing thereon was scheduled for July 20, 2015. The marshal's return of service filed with the court indicates that a copy of the plaintiff's application and notice of the July 20, 2015 hearing were served on "Paul Cascella dba CIA Integrated Marketing" at his Orange address on July 7, 2015. When the defendant did not appear at that hearing, an assistant clerk of the Superior Court, acting on behalf of the court, *Bellis*, *J*., sent a letter addressed to "Paul Cascella" at the Orange address. That correspondence stated in relevant part: "You were ordered to appear before the court for an Examination of Judgment Debtor on July 20, 2015. You failed to appear on that date. You are now requested to appear on August 3, 2015 . . . to comply with the request . . . . If you fail to appear on that day, a *capias* will be issued for your *arrest*." (Emphasis in original.)

The very next day, the court received a written

response from Attorney Joshua A. Winnick. In his letter, Winnick stated: "Please be advised that I represent Paul A. Cassella, the sole male resident [at the Orange address] and President of Integrated Marketing Systems, Inc. Mr. Cassella is not now, nor has he ever been, known as Paul Cascella, nor has he ever done business as CIA Integrated Marketing Systems (redacted copy of Mr. Cassella's Connecticut driver's license and printout from the Secretary of State for Integrated Marketing Systems, Inc. enclosed).[4] Marshal William Stuart attempted to make service on Paul Cascella by leaving a complaint and Petition/Application for Examination of Judgment Debtor at [the Orange address]. Similarly, [the plaintiff's attorneys] have [sent] certified copies of pleadings to Paul Cascella at that address, and the court has attempted to give notice to Paul Cascella at that address that a capias will be issued against him if he does not appear in Bridgeport Superior Court on August 3, 2015 (copy of July 20, 2015 letter enclosed). Obviously, since Paul Cascella does not reside at [the Orange address], all of the documents served on him and mailed to him at that address are not valid and have no legal consequence. Finally, if a capias is issued for Paul Cascella as a result of his failure to appear in court on August 3, 2015, it should not be served on Paul A. Cassella. Please contact me if you have any questions about this letter." (Emphasis in original; footnote added.)

In response, the plaintiff filed a motion to correct that was predicated on Winnick's representations in the July 21, 2015 letter. Specifically, the plaintiff asked the court to "recognize that 'Paul Cascella' and 'Paul A. Cassella' be known to this court for purposes of this proceeding as one [and] the same person. Additionally, [the plaintiff] moves this court to recognize that 'CIA Integrated Marketing Systems' and 'Integrated Marketing Systems, Inc.' be known to this court for purposes of this proceeding as one [and] the same entity." That motion further stated that it was predicated on the misstatement of the defendant's name and that "[p]ursuant to General Statutes § 52-123, this circumstantial defect shall have no bearing on the judgment in this case." The plaintiff served a copy of that motion to correct on the defendant on September 8, 2015, at both the Orange address and at 17 Anns Farm Road in Hamden, as documented in the marshal's return of service filed with the court. The defendant did not respond in any manner to that pleading. By order dated October 6, 2015, the court summarily granted the plaintiff's motion to correct.

On October 19, 2015, Winnick filed an appearance on behalf of the defendant. On that date, he also filed a motion to reargue the motion to correct. In that one page motion, the defendant stated that he sought reargument "on the grounds that Paul A. Cassella dba Integrated Marketing Services, Inc. does not properly describe a party, as required by [General Statutes] § 52-

45a and Practice Book § 8-1. A party can be an individual, or a party can be a corporation. A party cannot be an individual doing business as a corporation. An individual doing business as a corporation is not a valid legal entity."[5]

The court held a hearing on the defendant's motion to reargue, wherein Winnick reiterated the foregoing argument. In so doing, he repeatedly noted that "[t]here's always been one defendant" in the case. As Winnick stated: "[T]he point is there's only one defendant. That defendant was and still according to the docket sheet, remains a gentleman by the last name of Cascella; C-A-S-C-E-L-L-A. That is not the individual in court with me today." The plaintiff's counsel at that time advised the court that the plaintiff had "pursued this action against [the defendant] in his personal capacity. . . . [W]e've had a . . . judgment in place for over a year against [the defendant] in his personal capacity." The plaintiff's counsel further reminded the court that the motion to correct was due to a "single letter and a misspelling to a party that knows [he is] the proper party . . . . [T]he party had actual notice. . . . [I]f Mr. Cassella wanted to contend that he was not the proper party here . . . then he should've appeared and . . . stated as such." The plaintiff's counsel also indicated to the court that he had no objection to the removal of all references to the defendant's business entity, stating: "[I]f the court wanted to do away with this Integrated Marketing Systems, Inc., that would be perfectly fine. . . . [T]he reality is [that the plaintiff has] a judgment against [the defendant] in his personal capacity . . . ." Following that hearing, the court issued an order denying the defendant's motion to reargue.

On December 9, 2015, the defendant filed a motion to open and vacate the October 6, 2015 judgment granting the plaintiff's motion to correct. In that motion, the defendant alleged that the court improperly permitted the correction of the defendant's name to include "dba Integrated Marketing Systems, Inc." because that entity is a corporation registered with the state of Connecticut and not a fictitious entity. The defendant alleged that, in granting the plaintiff's motion to correct, the court "created the defendant Paul A. Cassella dba Integrated Marketing Systems, Inc., or an individual doing business as a corporation, and a corporation being the trade name of an individual." Appended to that motion was a document from the office of the Secretary of the State indicating that "Integrated Marketing Systems, Inc." was incorporated on December 15, 1993. That document further listed "Paul A. Cassella" as both the president and sole director of that corporation. The plaintiff filed an objection to the defendant's motion, on which the court heard argument on February 4, 2016.

At that hearing, the defendant argued that the inclu-

sion of "dba Integrated Marketing Systems, Inc." rendered the defendant an "invalid legal entity." In response, the plaintiff reminded the court that it had obtained a default judgment against the defendant in his personal capacity and thereafter brought a motion to correct the misspelling of his last name pursuant to § 52-123. As the plaintiff's counsel stated, "we inadvertently put a C where there should have been an S in [the defendant's] name." The plaintiff thus asked the court "to continue to recognize that [the plaintiff has] a judgment against [the defendant] in his personal capacity." At the conclusion of the hearing, the court orally denied the defendant's motion to open and vacate the judgment and issued an order to that effect later that day. When the defendant requested a statement of that decision, the court issued a further order on March 2, 2016, which stated: "Memorandum of Decision. Attorney Joshua Alan Winnick by his appearance dated October 19, 2015, appeared for 'Paul Cascella dba Integrated Marketing Systems.' There is no appearance for 'Integrated Marketing Systems, Inc.' By motion dated July 22, 2015, the defendant's name was corrected to Paul A. Cassella rather than Paul Cascella. Motion to open and vacate judgment dated December 9, 2015, against Paul A. Cassella individually is denied."

Following the commencement of this appeal, the defendant filed a motion for articulation with the trial court. In its written response, the court stated: "The complaint in this matter was served on Paul A. Cassella by abode service at [the Orange address] on February 4, 2014. The original writ, summons and complaint misspelled the defendant's last name as Cascella, an obvious scrivener's error of one letter. There is no affidavit in the file claiming that Paul A. Cassella was not living at [the Orange address] on February 4, 2014. The issues raised by the defendant concerning 'doing business as' are not relevant to the validity of the original judgment dated September 11, 2014, against [the defendant]. Further articulation is not necessary."

The defendant thereafter filed a motion for review with this court, which sought an articulation of the factual and legal basis of the court's decision. This court granted that motion and ordered the court to articulate "the name(s) of the defendant(s) in the underlying matter following the trial court's order . . . granting the plaintiff's motion to correct" and "the legal basis for its decision granting the plaintiff's motion to correct." The trial court issued a written response on November 23, 2016, in which it clarified that "[t]here is only one defendant, the individual whose name is spelled Paul A. Cassella. He was properly served by abode service with a summons and complaint with a scrivener's error spelling the defendant's name as Paul A. Cascella . . . . Abode service was made at [the Orange address]. At no time did the defendant claim that his abode was other than at said address. The dba [designation] does

not add a second defendant. The court corrected the record to indicate the proper spelling of the sole defendant's name." (Emphasis in original.)

## I

The defendant's principal contention is that the court improperly granted the plaintiff's motion to correct. He claims that the court failed to specify a legal basis for so doing in either its ruling on the motion to correct or its subsequent articulation. The defendant further argues that such correction was improper, as it was beyond the four month proscription of General Statutes § 52-212a.

## A

We first address the defendant's claim that the court failed to articulate the legal basis of its decision to grant the motion to correct. We note in this regard that, following the court's November 23, 2016 articulation, the defendant did not request a further articulation or file a motion for review with this court. The aim of such requests is to enable meaningful appellate review when the basis of a court's decision is unclear. See *Grimm* v. *Grimm*, 276 Conn. 377, 389, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006). In the present case, the basis of the court's decision is abundantly clear.

When the plaintiff moved to correct the identity of the defendant in this case, he did so pursuant to § 52-123, claiming that the correction of "this circumstantial defect shall have no bearing on the judgment in this case." As the plaintiff stated at the hearing on the defendant's motion to reargue, his motion to correct was properly granted because he had misspelled the defendant's name by "a single letter" and the defendant had actual notice of the proceedings against him. The plaintiff further submitted that such correction was consistent with the ample body of case law on § 52-123.[6] In summarily granting the plaintiff's motion to correct and denying the defendant's motion to reargue, the trial court plainly agreed with that contention, as do we.

Section 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." As our Supreme Court has observed, § 52-123 is "a remedial statute and therefore it must be liberally construed in favor of those whom the legislature intended to benefit. . . . The statute applies broadly to any writ issued in a civil action . . . ." (Citations omitted; internal quotation marks omitted.) *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 396, 655 A.2d 759 (1995). Moreover, that statutory imperative "is mandatory rather than directory . . . ." Id., 401.

As we previously have recognized, "this court, as well as our Supreme Court, has held in numerous circumstances that the mislabeling or misnaming of a *defendant* constituted a circumstantial error that is curable under § 52-123 when it did not result in prejudice to either party." (Emphasis in original.) *America's Wholesale Lender* v. *Pagano*, 87 Conn. App. 474, 478, 866 A.2d 698 (2005). Our Supreme Court likewise has described "a defendant designated by an incorrect name" as a "classic example" of a "misnomer" that qualifies as "a circumstantial defect anticipated by . . . § 52-123 . . . ." *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 350, 636 A.2d 808 (1994). As the court explained in another case involving a misnamed defendant: "The identity of the defendant was originally and at all times the same in the mind of the plaintiff and the entity is one and the same whether it be a contractual entity (a partnership), an artificial entity (a corporation), or a personal entity (an individual); its name is the same and its liability is the same and enforceable by the same remedies. . . . The change made by the amendment did not affect the identity of the party sought to be described, but merely made correct the description of the real party sued; it did not substitute or bring in a new party." *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.*, 105 Conn. 640, 643, 136 A. 681 (1927). The court further stated that "[t]he effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed." (Internal quotation marks omitted.) Id., 643–44.

Consideration of whether "an amendment simply corrects a misnomer, rather than substitutes a new party" is guided by three factors. *Pack* v. *Burns*, 212 Conn. 381, 385, 562 A.2d 24 (1989). Those factors "are that the proper party defendant (1) [had] actual notice of the institution of the action; (2) knew that it was the proper defendant in the action, and (3) was not in any way misled to its prejudice." (Internal quotation marks omitted.) Id.

It is undisputed that the defendant had actual notice of the proceedings in the present case. As Winnick acknowledged in his July 21, 2015 letter to the court, the defendant received copies of numerous pleadings, which is further evidenced by the multiple returns of service filed with the court by state marshals.[7] Those pleadings were sent to the Orange address. In his July 21, 2015 letter to the court, Winnick also appended a copy of the defendant's driver's license, which confirmed that he resided at the Orange address. At oral argument before this court, Winnick acknowledged that the defendant resided at that address and received those communications.

The trial court also properly could conclude that the defendant knew that he was the proper defendant in this collection action. As the court emphasized in both its June 29, 2016 and November 23, 2016 articulations, at no time has the defendant disputed that he resided at the Orange address. The record also does not contain any averment, such as a sworn affidavit, that the defendant did not enter into the agreement detailed in the plaintiff's complaint. Moreover, the defendant was aware that there was only one defendant in the action.[8] As Winnick conceded at the December 3, 2015 hearing on the motion to reargue, "[t]here's always been one defendant . . . . [T]he point is there's only one defendant." In light of the foregoing, the court reasonably could conclude that, despite the misspelling of his last name by one letter on the numerous pleadings sent to his home address, the defendant knew that he was the proper defendant in this action. To paraphrase *Andover Ltd. Partnership I* v. *Board of Tax Review*, supra, 232 Conn. 400, it is evident that the defendant, rather than an individual with the uncannily similar name of Paul Cascella, was the intended defendant and that the defendant had actual notice of the institution of this action.

In addition, the defendant at no time advanced a claim of prejudice before the trial court. He likewise raised no such claim in his appellate brief to this court. Although at oral argument before this court he claimed that such prejudice was "implicit" in his position, it is well established that "claims on appeal must be adequately briefed, and cannot be raised for the first time at oral argument before the reviewing court." *Grimm* v. *Grimm*, supra, 276 Conn. 393; see also *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 172 Conn. App. 160, 171 n.19, 159 A.3d 684, cert. denied, 326 Conn. 901, 162 A.3d 724 (2017).

To the extent that the defendant professes any confusion as to the proper identity of the defendant in this case, we repeat that the court, in its November 23, 2016 articulation, confirmed that "[t]here is only one defendant, the individual whose name is spelled Paul A. Cassella. He was properly served by abode service with a summons and complaint with a scrivener's error spelling the defendant's name as Paul A. Cas*c*ella . . . . The dba [designation] does not add a second defendant. The court corrected the record to indicate the proper spelling of the sole defendant's name." (Emphasis in original.)

The foregoing plainly indicates that the court was presented with a motion to correct a misnomer pursuant to § 52-123 and granted that motion in accordance with well established law. Because the plaintiff's motion to correct "falls squarely within the purview of § 52-123"; *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 352–53; we conclude that the court properly

granted that motion.

B

The defendant also claims that the court lacked authority to grant the plaintiff's motion to correct, as that motion was filed more than four months after the default judgment was rendered, in contravention of § 52-212a. He is mistaken.

Section 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ." As our Supreme Court has explained, "the substantive provisions of § 52-212a are fully enforceable as a limitation on the authority of the trial court to grant relief from a judgment after the passage of four months. Thus construed, § 52-212a operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it." *Kim* v. *Magnotta*, 249 Conn. 94, 104, 733 A.2d 809 (1999).

In *Dyck O'Neal, Inc.* v. *Wynne*, 56 Conn. App. 161, 742 A.2d 393 (1999), this court was presented with, and rejected, the very claim advanced by the defendant in this appeal. The defendant in that case appealed from the judgment of the trial court granting a motion to correct a party's name. Id., 163. On appeal, the defendant claimed that the trial court lacked authority to grant that motion because it "was filed beyond the four month period allowed by . . . § 52–212a." Id. This court disagreed. After reviewing § 52-123 and related case law regarding circumstantial defects involving misnomers, the court concluded that "the trial court had the authority to correct the judgment to reflect the proper name of the substitute plaintiff." Id., 164. The court further opined that the defendant's argument to the contrary "would provide her with a windfall as a result of a misnomer." Id., 167. Such is the case here. We therefore conclude that § 52-212a did not preclude the court from granting the plaintiff's motion to correct a technical defect in a party's name pursuant to § 52-123.

II

As a final matter, the defendant claims that the court improperly denied his motion to open and vacate its October 6, 2015 judgment granting the plaintiff's motion to correct. That claim is reviewed under the abuse of discretion standard, which requires this court to "give every reasonable presumption in favor of [the] decision's correctness and . . . disturb the decision only where the trial court acted unreasonably or in a clear abuse of discretion." *GMAC Mortgage, LLC* v. *Ford*, 178 Conn. App. 287, 295, 175 A.3d 287 (2017). Although the

defendant maintains that the court should have opened the judgment to cite in Integrated Marketing Services, Inc., as a party defendant, the fact remains that the default judgment in this case was rendered against the defendant in his personal capacity, as the court emphasized in its November 23, 2016 articulation. On the particular facts and circumstances of this case, we conclude that the court did not abuse its discretion in refusing to open and vacate its decision on the plaintiff's motion to correct.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Although the plaintiff is identified as "John Ryan dba JSR Advertising" in the operative complaint, our Supreme Court has explained that "the use of a fictitious or assumed business name does not create a separate legal entity . . . [and] [t]he designation [doing business as] . . . is merely descriptive of the person or corporation who does business under some other name . . . . [I]t signifies that the individual is the owner and operator of the business whose trade name follows his, and makes him personally liable for the torts and contracts of the business . . . ." (Internal quotation marks omitted.) *Monti* v. *Wenkert*, 287 Conn. 101, 135, 947 A.2d 261 (2008); see also *Edmands* v. *CUNO, Inc.*, 277 Conn. 425, 454 n.17, 892 A.2d 938 (2006) ("The plaintiffs have neither asserted nor provided us with any authority that the designation of Edmands as an individual 'doing business as' Eastern precludes Edmands' personal liability. Our research suggests a contrary rule."); Black's Law Dictionary (9th Ed. 2009) p. 455 (explaining that dba abbreviation "precedes a person's or business's assumed name . . . [and] signals that the business may be licensed or incorporated under a different name").

We further note that although the plaintiff filed an appearance in this appeal, he did not submit an appellate brief. Accordingly, pursuant to this court's April 10, 2017 order, the present appeal will be considered on the basis of the defendant's brief and appendices and the record of this case.

[2] We reiterate that, under Connecticut law, inclusion of the acronym "dba" in a party's name does not create a separate legal entity. See footnote 1 of this opinion. Accordingly, the inclusion of "dba CIA Integrated Marketing Systems" in the plaintiff's complaint merely was descriptive of the named defendant, Paul Cascella, and signified that he was personally liable for the torts and contracts of that business. See *Monti* v. *Wenkert*, 287 Conn. 101, 135, 947 A.2d 261 (2008).

[3] The breach of contract allegations in the amended complaint are identical to those set forth in the original complaint.

[4] The name on the Connecticut driver's license furnished to the court is "Paul A. Cassella." The address specified on that license is the Orange address.

[5] We note that although the defendant in his motion to reargue claimed that "Paul A. Cassella dba Integrated Marketing Services, Inc., does not properly describe a party," the plaintiff did not utilize such nomenclature in his motion to correct. The court likewise never referred to the defendant as "Paul A. Cassella dba Integrated Marketing Services, Inc.," at any time.

[6] The defendant does not cite or otherwise acknowledge § 52-123 in his appellate brief.

[7] The record indicates that, prior to filing an appearance in this case, the defendant received copies of the original summons and complaint, the May 21, 2014 amended summons and complaint, multiple motions for default for failure to appear, the June 24, 2014 notice of default, the July 25, 2014 certificate of closed pleadings, the September 11, 2014 notice of judgment, the October 15, 2014 bill of costs, the June 2, 2015 application for an examination of the judgment debtor, the court's July 20, 2015 letter regarding the defendant's failure to appear, and the plaintiff's July 22, 2015 motion to correct. As was the case in *Dyck O'Neal, Inc.* v. *Wynne*, 56 Conn. App. 161, 166–67, 742 A.2d 393 (1999), the defendant "was aware of every step of the proceedings" in this case.

[8] The inclusion of a "dba" designation in the operative complaint did not add a second party to the action. See footnotes 1 and 2 of this opinion.